**00-6111**

**CIV-DIMITROULEAS**

CLOSED JOB

MAGISTRATE JUDGE
JOHNSON

U.S. District Court
Middle District of Florida (Orlando)

CIVIL DOCKET FOR CASE #: 99-CV-1498

Turnberry Charters v. International Paper                    Filed: 11/24/99
Assigned to: Judge Anne C. Conway
Demand: $0,000                              Nature of Suit: 190
Lead Docket: None                          Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:1331 Fed. Question: Breach of Contract

TURNBERRY CHARTERS, INC.            David Harris Reimer
        plaintiff                  [COR LD NTC]
                                   Reimer & Rosenthal LLP
                                   3801 Hollywood Blvd.
                                   Suite 350
                                   Hollywood, FL 33021
                                   954/893-9800


    v.


INTERNATIONAL PAPER CO.             Heather C. Keith
        defendant                   [COR LD NTC]
                                   Holland & Knight
                                   One E. Broward Blvd.
                                   P.O. Box 14070
                                   Ft. Lauderdale, FL 33302-4070
                                   USA
                                   954/525-1000

```
FILING FEE
PAID   no fee, transfer in
In Forma
Pauperis   n D
        Clarence Maddox, Clerk
```

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____
        Deputy Clerk

Docket as of January 19, 2000 3:15 pm                    Page 1

```
Proceedings include all events.
6:99cv1498 Turnberry Charters v. International Paper          CLOSED
                                                                  JGG
```

11/24/99 1    COMPLAINT filed in a breach of contract issue (lak)
              [Entry date 11/26/99]

11/24/99 --   MAGISTRATE JUDGE CASE ASSIGNMENT   Magistrate assigned:
              James G. Glazebrook (lak) [Entry date 11/26/99]

11/24/99 --   FILING FEE PAID. (Filing Fee $ 150.00 Receipt # 85297) (lak)
              [Entry date 11/26/99]

11/24/99 2    ORDER directing counsel to review and certify compliance
              with local rule 1.04c within 10 days (Signed by Judge Anne
              C. Conway) ctc (lak) [Entry date 11/26/99]

11/26/99 --   SUMMONS issued for International Paper (lak)

12/1/99  3    NOTICE of designation under Local Rule 3.05 - TRACK 2.
              (ctc) (nrs)

12/6/99  4    CERTIFICATE OF COMPLIANCE by Turnberry Charters  with [2-1]
              order - no related cases. (nrs)

12/16/99 5    RETURN OF SERVICE executed as to International Paper
              11/30/99.  Answer due on 12/20/99 for International Paper.
              (Filed in Tampa on 12/13/99.) (nrs)

1/13/00  6    UNOPPOSED MOTION by International Paper  with memorandum in
              support to transfer (change venue) (lak)
              [Entry date 01/14/00]

1/18/00  7    RESPONSE by Turnberry Charters  to [6-1] motion to transfer
              (change venue) (lak) [Entry date 01/19/00]

1/18/00  8    ORDER  granting [6-1] motion to transfer case to the
              Southern District of Florida (change venue) (Signed by
              Judge Anne C. Conway) ctc (lak) [Entry date 01/19/00]

1/18/00  --   Interdistrict transfer  to the Southern District of Florida
              (lak) [Entry date 01/19/00]

1/19/00  --   Original case file transferred to Southern District of
              Florida 1/20/00. (lak)

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:    99-1498-CIV-ORL-22

TURNBERRY CHARTERS, INC.

      Plaintiff,

v.

INTERNATIONAL PAPER COMPANY

      Defendant.

_____/

## PLAINTIFF, TURNBERRY CHARTERS, INC.'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER

Plaintiff, TURNBERRY CHARTERS, INC., by and through their undersigned counsel, hereby files this Response to Defendant, INTERNATIONAL PAPER COMPANY'S, Unopposed Motion to Transfer and Memorandum of Law in Support, and states:

1.    In response to the Plaintiff, TURNBERRY CHARTERS, INC.'S Complaint served December 1, 1999, Defendant, INTERNATIONAL PAPER, served under certificate of January 11, 2000, its Motion to Transfer Venue to the Southern District of Florida.[1]

2.    TURNBERRY CHARTERS, INC. reviewed Defendant's Motion and does not object to this Court's entry of an order transferring venue to the Southern District of Florida.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to Heather C. Keith, Esq., Holland & Knight LLP, One East

_____

[1]    Plaintiff consented to an extension of time for Defendant to respond.

SCANNED

Broward Blvd., 13th Floor, P.O. Box 14070, Fort Lauderdale, FL 33302-4070, this

_14_ day of January, 2000.

<div style="margin-left: 50%;">

REIMER & ROSENTHAL LLP
Counsel for Plaintiff
3801 Hollywood Blvd., Suite 350
Hollywood, FL 33021
(954) 893-9800
(954)893-6704 facsimile

By:_____
     DAVID H. REIMER
     FL BAR NO: 909520

</div>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 99-1498-CIV-ORL-22C

TURNBERRY CHARTERS, INC.

     Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

     Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION TO TRANSFER AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to 28 U.S.C.A. § 1404(a) and Federal Rules of Civil Procedure 12(b), Defendant International Paper Company ("IP"), by and through its undersigned counsel, herein moves to transfer the venue of this action from the Middle District of Florida to the Southern District of Florida, and in support states as follows:

**I.**    **Introduction.**

On or about November 26, 1999, Plaintiff Turnberry Charters, Inc. ("Turnberry") filed its Complaint in the Middle District of Florida alleging that IP breached a contract and failed to sell Turnberry a 1981 Canadair Challenger airplane ('Airplane").

SCANNED

By the present motion, IP moves to transfer this action to the United States District Court for the Southern District of Florida, because the Southern District of Florida is a more convenient location for this breach of contract matter and the interests of justice will be better realized in that particular venue.

Moreover, the undersigned counsel has conferred with counsel for Turnberry who has no objection to the requested transfer.

## II.    <u>Factual Background.</u>

The dispute between Turnberry and IP involves the sale of the Airplane which was owned by IP. As alleged in the Complaint, IP is a New York corporation with its principal place of business in New York and Turnberry is a Florida corporation with its principal place of business in Miami-Dade County.

In approximately June of 1999, IP and Turnberry discussed the potential sale of IP's Airplane to Turnberry. The majority of the discussions and correspondence in regards to the Airplane took place between Turnberry in Miami and IP in New York. The remainder of the discussions and inspections regarding the Airplane took place in St. Louis, Missouri where the Airplane was located.

At no time, did any discussions, negotiations or alleged contracts exist in the Middle District of Florida. If any contract exists as alleged by Plaintiff,

2

it was entered in either New York or Miami.   There is absolutely no connection between the facts of this case and the locale of the Middle District of Florida.  All of the relevant witnesses are located in New York, Miami, or St. Louis.  There are no relevant witnesses in the Middle District of Florida.

The only connection to the Orlando area alleged in the Complaint is that IP engages in business within the boundaries of the Middle District of Florida.  However, IP also does business in the Southern District of Florida and venue is appropriate in that jurisdiction.

Additionally, as alleged in Turnberry's Complaint, IP eventually sold the Airplane to another purchaser who is also a Florida corporation with its principal place of business in Broward County, which is in the Southern District of Florida.

To the extent any breach of contract exists in this action, said breach would have occurred in New York, St. Louis, or Miami.  There is no alleged breach which occurred in the Middle District of Florida.   All payments for the Airplane would have been made to IP in New York and would have been made from Turnberry in Miami.

## III.   <u>Argument and Memorandum of Law.</u>

The Court has the authority and discretion to transfer this action to any other district "where it could have been brought for (1) the convenience of parties, (2) the convenience of the witnesses, and (3) in the interests of

justice."    28 U.S.C. § 1404(a); American Aircraft Sales Intern., Inc., v.

Airwarsaw, Inc., 55 F.Supp.2d 1347, 1351 (M.D. Fla. 1999); Gould v. National

Life Insurance Co., 990 F.Supp. 1354, 1357 (M.D. Ala. 1998).

While the plaintiff's choice of forum is an important consideration, it

can be outweighed by others, as it is here.[1]  Moreover, in this case, counsel for

Turnberry has notified the undersigned that Turnberry does not object to the

transfer of this action to the Southern District of Florida and has authorized

the undersigned to make such representation in this motion.

The decision whether to transfer is within the discretion of the trial

court, and each case should be decided on its particular facts.    American

Aircraft, 55 F.Supp. at 1351; Gould, 990 F.Supp. at 1357.  When making this

decision, courts generally rely on a number of factors including:    (1) the

plaintiff's choice of forum; (2) the convenience of the parties; (3) the

convenience of the witnesses and the availability of witnesses through

compulsory process; (4) the location of documents and other sources of proof;

(5) the relative ability of the parties to bear the expense of changing the

---

[1]    Indeed, while it is correct that a plaintiff's choice of forum is considered in determining whether to transfer venue for convenience of witnesses and the interest of justice, the emphasis placed on that factor diminishes where facts giving rise to the litigation bear little material connection to the chosen forum. St. Regis Mohawk Tribe v. State of N.Y., 774 F. Supp. 185 (S.D.N.Y. 1991). Thus, the plaintiff's choice of forum is not the final word; consideration must be given to both defendant's and plaintiff's contacts with the chosen forum, especially those relating to the cause of action. Kachal, Inc. v. Menzie, 738 F.Supp. 371 (D. Nev. 1990). See also Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8 (S.D. Fla. 1985)(plaintiff's choice of forum is entitled to less consideration where operative facts underlying cause of action did not occur within the plaintiff's chosen forum).

forum; and (6) trial efficiency and expense to the justice system. See, American Aircraft, 55 F.Supp. at 1351; Gould, 990 F.Supp. at 1357-1358.

When the above factors are reviewed in this case, it is apparent that the Middle District of Florida is not a convenient forum for either party. One factor in resolution of a motion to transfer venue under Section 1404(a) is the convenience of the parties and the witnesses. See, American Aircraft, 55 F.Supp. at 1352. In this case, the parties are evenly split between New York and Miami but none are located in the Middle District of Florida. Additionally, the non-party witnesses are located in New York, Miami and St. Louis but not the Middle District of Florida.

Further, it is important for the Court to consider that (1) the alleged contracts at issue were entered into, if at all, in either Miami or New York, (2) the Airplane was ultimately sold to a non-party corporation with its principal place of business in the Southern District of Florida, and (3) all of the physical evidence and/or records are located in Miami, New York and/or St. Louis.

Lastly, other factors can be considered when evaluating whether transfer an action when the action is based on breach of contract. For example, courts have considered the place where the contract was negotiated, and the place where the disputed transaction occurred. See Beverage Marketing Corp. v. Emerald Coast Spring Water Co., 697 F.Supp 767

(S.D.N.Y 1988). In this case, none of these factors took place in the Middle District of Florida.

## IV.    Conclusion.

The Southern District of Florida is a more convenient location for the current litigation. Many of necessary witnesses are located within the general proximity of that jurisdiction, and the interests of justice will be better served if this action is transferred to the Southern District of Florida. There is no connection between the facts of this case and the Middle District of Florida and Turnberry does not object to the transfer of this action to the Southern District of Florida.

WHEREFORE, International Paper Company, respectfully requests the Court to transfer this action to the Southern District of Florida.

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Blvd - 13th Floor
P.O. Box 14070
Fort Lauderdale, FL 33302-4070
Tel: (954) 525-1000
Fax: (954) 463-2030

By: _____
    Heather C. Keith
    Florida Bar No. 905690

6

<u>CERTIFICATE OF SERVICE</u>

    WE HEREBY CERTIFY that a true and correct copy of the foregoing

has been sent by U.S. mail to David H. Reimer, Esq., Reimer & Rosenthal

LLP, 3801 Hollywood Blvd., Suite 350, Hollywood, Florida, 33021 this _11th_ day

of January, 2000.

                               HOLLAND & KNIGHT LLP
                               Attorneys for Defendant
                               One East Broward Blvd. – 13th Floor
                               P.O. Box 14070
                               Fort Lauderdale, FL 33302-4070
                               Tel: (954) 525-1000
                               Fax: (954) 463-2030

                               By: _____
                                   Heather C. Keith
                                   Florida Bar No. 905690

FTL1 #469314 v1

7

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ MIDDLE _____ **DISTRICT OF** _____ FLORIDA _____

Turnberry Charters, Inc.,

    Plaintiff,

**v.**

International Paper Company,

    Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:



TO: (Name and address of defendant)

International Paper Company
CT Corporation System, Registered Agent
1200 S. Pine Island Rd.
Plantation, FL  33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

David H. Reimer, Esq.
Reimer & Rosenthal LLP
3801 Hollywood Boulevard, SUite 350
Hollywood, FL  33021

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**SHERYL L. LOESCH**
_____
CLERK

DATE  11/26/99

_____
(BY) DEPUTY CLERK

## RETURN OF SERVICE

# UNITED STATES DISTRICT COURT
## MIDDLE District of FLORIDA

Case Number: 99-1498-CIV-ORL-22C

Plaintiff:
**TURNBERRY CHARTERS, INC.**

vs.

Defendant:
**INTERNATIONAL PAPER COMPANY**

For:
David H. Reimer, Esq.
REIMER & ROSENTHAL LLP
3801 Hollywood Blvd.
Suite 350
Hollywood FL 33021

Received by OJF SERVICES on the **30th day of November, 1999** at **10:45 am** to be served on
**INTERNATIONAL PAPER COMPANY 1200 S. PINE ISLAND ROAD, PLANTATION, FL. 33324.**

I, John L. McLean, do hereby affirm that on the **30th day of November, 1999** at **11:20 am, I:**

SERVED the within named corporation by delivering a true copy of the **Summons and Complaint** with the
date and hour endorsed thereon by me to ANNE BOUTILIER FOR C.T. as REGISTERED AGENT. and
informing said person of the contents thereof.

I do hereby certify that I have no interest in the above action, that I am over the age of eighteen, and that I am
a certified process server in the circuit in which it was served. "Under penalty of perjury, I declare that I have
read the foregoing (document) and that the facts stated in it are true.

**John L. McLean**
Sps #349

**OJF SERVICES**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL  33177**
**(305) 238-7300**
Our Job Serial Number: 1999006732

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_Huntury Charters_ v. _International Papers_

Case No. _19-1498 CIV-ORL-22C_

## ORDER DIRECTING COUNSEL OR ANY PRO SE PARTY
## TO REVIEW AND CERTIFY COMPLIANCE
## WITH LOCAL RULE 1.04(c)

Not later than <u>ten (10) days</u> from the date of filing this action, certification shall be made below as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b).

DONE AND ORDERED this __19__ day of __June__, 1998, at Orlando, Florida.

_____
G. KENDALL SHARP
United States District Judge

_____
PATRICIA C. FAWSETT
United States District Judge

_____
ANNE C. CONWAY
United States District Judge

FILED

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 1.04(c)

In accordance with Local Rule 1.04(c), I certify that the instant action:

___ IS    related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State Court, or administrative agency, as indicated below:

_____
_____
_____

X IS NOT    related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State Court, or administrative agency.

_____
Counsel or Pro-Se Plaintiff
Counsel for Plaintiff
FL BAR #909520

c:    Case file

**SCANNED**

FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TURNBERRY CHARTERS, INC.

v.                                          Case No.:  99-1498-CIV-ORL-22C

INTERNATIONAL PAPER COMPANY

_____/

## NOTICE OF DESIGNATION UNDER LOCAL RULE 3.05

Please take notice that, in accordance with Local Rule 3.05, this action is designated as a **TRACK TWO** Case.  Plaintiff is responsible for serving a copy of this notice and any attachment to this notice upon all other parties.  All parties must meet any requirements established in Local Rule 3.05 for cases designated on this track. Parties should utilize the attached Case Management Report form.

SHERYL L. LOESCH, CLERK

Date:  November 30, 1999          By:   *Sally A. Coffey*
                                        Deputy Clerk

Copy to:
David H. Reimer,  Esquire

SCANNED

3

Case 0:00-cv-06111-WPD Document ... Entered on FLSD Docket 01/26/2000 Page 16 of 24

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

_Strawberry Charters, Inc._ v. _International Paper Co._

Case No. _99-1498-CIV-ORL-22C_

## ORDER DIRECTING COUNSEL OR ANY PRO SE PARTY
## TO REVIEW AND CERTIFY COMPLIANCE
## WITH LOCAL RULE 1.04(c)

Not later than <u>ten (10) days</u> from the date of filing this action, certification shall be made below as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b).

DONE AND ORDERED this _18_ day of _June_, 1998, at Orlando, Florida.

G. KENDALL SHARP
United States District Judge

PATRICIA C. FAWSETT
United States District Judge

ANNE C. CONWAY
United States District Judge

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 1.04(c)

In accordance with Local Rule 1.04(c), I certify that the instant action:

____ IS     related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State Court, or administrative agency, as indicated below:

_____

_____

_____

____ IS NOT   related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State Court, or administrative agency.

c:    Case file

_____
Counsel or Pro-Se Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

99-1498-Civ-Orl-22C

TURNBERRY CHARTERS, INC.

Plaintiff,

v.

INTERNATIONAL PAPER COMPANY

Defendant.

_____/

00-6111

CIV-DIMITROULEAS

MAGISTRATE JUDGE
JOHNSON

## **COMPLAINT**

Plaintiff, TURNBERRY CHARTERS, INC., hereby sues Defendant, INTERNATIONAL PAPER COMPANY, and states:

### **JURISDICTION AND VENUE**

1.    This Court has jurisdiction of this action pursuant to Title 28 U.S.C. §1332 based on complete diversity of citizenship and an amount in controversy in excess of Seventy Five Thousand Dollars ($75,000).

2.    Plaintiff, TURNBERRY CHARTERS, INC., (hereinafter referred to as "TURNBERRY"), is a Florida Corporation with its principal place of business in Miami-Dade County, Florida.

3.    Defendant, INTERNATIONAL PAPER COMPANY, (hereinafter referred to as "INTERNATIONAL PAPER") is a New York Corporation with its principal place of business in New York.

4.    INTERNATIONAL PAPER is a resident of Florida, and engages in business within the boundaries of the Middle District of Florida.

5.    Venue is properly with this court pursuant to Title 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

6.      On or about June 21, 1999, TURNBERRY and INTERNATIONAL PAPER entered into a contract.  (Hereinafter referred to as the "CONTRACT").  A true and correct copy of the CONTRACT is attached hereto as Exhibit "A".

7.      Pursuant to the terms of the CONTRACT, INTERNATIONAL PAPER offered to sell, and TURNBERRY agreed to purchase a 1981 Canadair Challenger aircraft (hereinafter referred to as the "AIRCRAFT") for seven million dollars ($7,000,000).

8.      In accordance with the terms of the CONTRACT, TURNBERRY deposited a one hundred thousand dollar deposit in escrow for the purchase of the AIRCRAFT, with a closing to be scheduled in ten days.

9.      In further accordance with the terms of the CONTRACT, TURNBERRY was to be afforded the opportunity to:

A.      review the records relating to the prepurchase inspection, landing gear overhaul, and 120 month and 36 month inspections on the aircraft;

B.      conduct a systems check, and

C.      conduct a flight check (not to exceed two hours flight time)

all to confirm that all systems are operating normally.

10.     The CONTRACT provided that the parties were to execute a definitive sales agreement by 5:00 p.m. EDT June 28, 1999.

11.     On June 23, 1999, an agent of TURNBERRY arrived at the location where the AIRCRAFT'S records were maintained, and TURNBERRY'S agent was intentionally prevented from reviewing the records for several hours by INTERNATIONAL PAPER'S agents.

2

12.    After several hours, TURNBERRY'S agent was finally allowed to review the records referenced in paragraph 9(A) above.

13.    On June 24, 1999, a different agent of TURNBERRY arrived at the location where the AIRCRAFT was being kept by INTERNATIONAL PAPER in order to schedule the systems check and flight check.

14.    TURNBERRY'S agent was told on June 24, 1999, that the AIRCRAFT was not ready for the systems check or flight check and that the agent should return on June 25, 1999.

15.    On June 24, 1999, INTERNATIONAL PAPER notified TURNBERRY that INTERNATIONAL PAPER had located another purchaser, and that unless TURNBERRY agreed by 5:00 P.M. to purchase the plane in "as is" condition, without conducting the systems check and flight test, it would not sell the AIRCRAFT to TURNBERRY.

16.    On June 25, 1999, TURNBERRY'S agent was told by agents for INTERNATIONAL PAPER that TURNBERRY could not have access to the AIRCRAFT as a result of its failure to agree to purchase the AIRCRAFT in "as is" condition by INTERNATIONAL PAPER'S unilaterally imposed deadline OF 5:00 P.M. June 24, 1999.

17.    Between June 25, 1999, and June 28, 1999, INTERNATIONAL PAPER refused to allow TURNBERRY access to the AIRCRAFT for purposes of conducting the systems check and flight check.

18.    Additionally, between June 24, 1999, and June 28, 1999, INTERNATIONAL PAPER refused to complete the execution of the definitive sales agreement.

3

19.    On or about June 29, 1999, INTERNATIONAL PAPER sold the AIRCRAFT to another purchaser.

20.    As a result of INTERNATIONAL PAPER'S refusal to sell the AIRCRAFT to TURNBERRY, TURNBERRY had to purchase a 1981 Canadair Challenger from other sources.

21.    As a result of INTERANTIONAL PAPER'S refusal to sell the AIRCRAFT to TURNBERRY, TURNBERRY incurred damages, including but not limited to the increased cost in the purchase of a 1981 Canadair Challenger and expenses incurred in attempting to complete the terms of the CONTRACT.

### COUNT I – BREACH OF CONTRACT

22.    TURNBERRY restates and realleges the allegations of paragraphs 1 through 21, stated above.

23.    TURNBERRY and INTERNATIONAL PAPER entered into a CONTRACT for the sale of the AIRCRAFT.

24.    INTERNATIONAL PAPER breached the contract by:

a.    refusing to allow TURNBERRY to conduct a systems check and flight check;

b.    refusing to enter into a definitive agreement consistent with the terms of the CONTRACT; and

c.    refusing to sell the AIRCRAFT to TURNBERRY.

25.    TURNBERRY suffered significant damages as a result of INTERNATIONAL PAPER'S breach.

4

26.    TURBERRY'S damages include but are not limited to the increased costs and expenses in the purchase of a 1981 Canadair Challenger and expenses incurred in attempting to complete the terms of the CONTRACT.

WHEREFORE, Plaintiff, TURNBERRY CHARTERS, INC., requests this Court enter judgment against Defendant, INTERNATIONAL PAPER COMPANY, for damages, plus interest, plus court costs, and for any further relief this Court deems necessary and proper.

## COUNT II – BREACH OF WARRANTY OF GOOD FAITH FAIR DEALING AND COMMERICAL REASONABLENESS

27.    TURNBERRY restates and realleges the allegations of paragraphs 1 through 21, above

28.    The CONTRACT includes an implied duty for each party to act in good faith with fair dealing and commercial reasonableness.

29.    INTERNATIONAL PAPER breached this duty by refusing to allow TURNBERRY to conduct its systems check and flight check, refusing to enter into a definitive agreement consistent with the terms of the CONTRACT, and refusing to sell the AIRCRAFT to TURBERRY pursuant to the terms of the CONTRACT.

30.    TURNBERRY was damaged as a result of INTERNATIONAL PAPER'S breach.

31.    TURBERRY'S damages include but are not limited to the increased costs and expenses in the purchase of a 1981 Canadair Challenger and expenses incurred in attempting to complete the terms of the CONTRACT.

5

## COUNT III – BREACH OF DUTY TO NEGOTIATE IN GOOD FAITH

32.    TURNBERRY restates and realleges the allegations of paragraphs 1 through 21, above.

33.    By entering into the CONTRACT, INTERNATIONAL PAPER implicitly agreed to negotiate in good faith a definitive agreement for the sale of the AIRCRAFT on terms consistent with the terms of the CONTRACT.

34.    INTERNATIONAL PAPER breached its duty of good faith by terminating all negotiations June 24, 1999, and stating that it would only sell the AIRCRAFT in an as is condition.

35.    TURNBERRY suffered damages as a result of INTERNATIONAL PAPER'S breach.

36.    TURBERRY'S damages include but are not limited to the increased costs and expenses in the purchase of a 1981 Canadair Challenger and expenses incurred in attempting to complete the terms of the CONTRACT.

WHEREFORE, Plaintiff, TURNBERRY CHARTERS, INC., requests this Court enter judgment against Defendant, INTERNATIONAL PAPER COMPANY, for damages, plus interest, plus court costs, and for any further relief this Court deems necessary and proper.

REIMER & ROSENTHAL LLP
Counsel for Plaintiff
3801 Hollywood Blvd., Suite 350
Hollywood, FL 33021
(954) 893-9800
(954)893-6704 facsimile

By:_____
          DAVID H. REIMER
          FL BAR NO: 909520

6



# Turnberry Charters Inc.

### Aviation Department

SENT VIA FAX TO (703) 361-3170
EMERALD AVIATION, Agent

June 19, 1999

INTERNATIONAL PAPER COMPANY
DBA UNION CAMP CORP.
184 Airport Rd., Hgr. D
White Plains, NY 10604

Re:    1981 Canadair Challenger CL600  S/N 1023  N90UC

    This will confirm our telephone conversation with your agent, Mr. Ed Dahlberg, on June 18, 1999. TURNBERRY CHARTERS, INC. hereby offers $7,000,000.00 U.S. for the above referenced aircraft, subject to the good faith efforts of both parties to negotiate mutually agreeable terms and conditions of the sale, and the timely execution and delivery of a definitive sales agreement in form and substance mutually acceptable to the parties.

    It is our understanding that timeliness is a determining factor in the sale of the aircraft, and it is our intention and desire to close within ten (10) business days. We have just sold our Gulfstream GIIB, and are in immediate need of a replacement aircraft. We have pre-arranged funding in place with GECC, and their Manager of Aircraft Leasing and Financing, Mr. Michael C. Flint, can be contacted at (770) 999-4921 to confirm our ability to close upon our demand.

    To confirm our sincere interest in purchasing your aircraft, we have placed a good faith deposit of $100,000.00 in escrow with AIC Title Service, and you have received or will soon receive faxed confirmation of this from the Escrow Agent. This deposit shall, of course, be fully refundable until such time as a definitive sales agreement shall be executed, and then shall become subject to the terms and conditions of that agreement.

    It is our understanding that the records of the recent prepurchase inspection on the aircraft, and the recent landing gear overhaul and the 120 month and 36-month inspections will be made available to us for review at Midcoast Aviation in St. Louis, MO, and it is our intention to send our agent, Mr. Ken Murray, to Midcoast to review these records immediately upon acceptance of this offer. It will also be our intention to visually inspect the aircraft and to conduct systems checks at our expense at Midcoast Aviation, as well as a flight check (not to exceed two (2) hours flight time) to confirm that all systems are operating normally.

15901 N.W. 42nd Avenue, Suite 117, Miami, FL 33054  (305) 685-0881  Fax: (305) 283-8367



## EXHIBIT   A

06-21-99  13:21  FAX .    .013170                    EMERALD AVIATION

Jun-21-99 13:42

INTERNATIONAL PAPER COMPANY          2          June 19, 1999

This offer shall be deemed withdrawn and invalid as of 5:00 pm EDT, Monday, June 21, 1999, unless accepted by execution below and returned prior to that time. This offer, if accepted and executed, shall become null and void as of 5:00 pm EDT, Monday, June 28, 1999, if the parties have not agreed to and executed a definitive sales agreement prior to that time.

This offer is intended for the owner and the owner's agent only, and the terms hereof are not to be divulged to any third party.

For TURNBERRY CHARTERS, INC.          For INTERNATIONAL PAPER COMPANY

_____          _____ 6/21/99
                                        Sr. VP

16051 N.W. 42nd Avenue, Suite 147, Miami, FL 33054 (305) 662-6361 Fax (305) 756-7067