

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6111-CIV-(DIMITROULEAS/JOHNSON)

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____/

## INTERNATIONAL PAPER COMPANY'S ANSWER
## AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, International Paper Company ("International Paper"), by and through its undersigned counsel, herein answers Plaintiff's Complaint by like numbered paragraphs as follows:

### JURISDICTION AND VENUE

1.    In response to paragraph 1 of the Complaint, International Paper admits only that Plaintiff has alleged damages in excess of the jurisdictional limits of this Court. Further answering, International Paper is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

2.    International Paper is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.



3.    Admitted.

4.    International Paper admits it engages in business within the boundaries of the Middle District of Florida.  Further answering, International Paper denies the remaining allegations contained in paragraph 4 of the Complaint.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    (Including all subparts) Denied.

10.    Denied.

11.    Denied.

12.    International Paper admits that Turnberry's agent was allowed to review the records.  Further answering, International Paper denies the remaining allegations contained in paragraph 12 of the Complaint.

13.    International Paper is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    International Paper is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Denied.

2

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

21. Denied.

## COUNT I - BREACH OF CONTRACT

22. International Paper repeats and reiterates its responses to paragraphs 1 through 21 of the Complaint as answered above.

23. Denied.

24. (Including all subparts) Denied.

25. Denied.

26. Denied.

In response to the unnumbered paragraph following paragraph 26 of the complaint, International Paper denies that plaintiff is entitled to judgment against it and denies that plaintiff is entitled to the relief sought.

## COUNT II – BREACH OF WARRANTY OF GOOD FAITH FAIR DEALING AND COMMERCIAL REASONABLENESS

27. International Paper repeats and reiterates its responses to paragraphs 1 through 21 of the Complaint as answered above.

28. Denied.

29. Denied.

30. Denied.

31.    Denied.

COUNT III – BREACH OF DUTY TO NEGOTIATE IN GOOD FAITH

32.    International Paper repeats and reiterates its responses to paragraphs 1 through 21 of the Complaint as answered above.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

In response to the unnumbered paragraph following paragraph 36, International Paper denies that plaintiff is entitled to judgment against it and denies that plaintiff is entitled to the relief sought.

DEFENSES AND AFFIRMATIVE DEFENSES

International Paper asserts the following defenses and affirmative defenses without assuming a burden of proof where such burden is otherwise on plaintiff.

LACK OF CONSIDERATION

1.    Plaintiff failed to provide any consideration for the purported contract.

NO CONTRACT

2.    There was no contract between the parties. The June 19, 1999 letter offer, attached as Exhibit "A" to Plaintiff's Complaint, was merely an offer of purchase price subject to the agreement of terms yet to be negotiated. The letter confirmed the understanding of the parties that they would try to agree to a

4

definitive sales agreement in the future.  Further, the express language indicates that the Plaintiff's offer would be null and void if the parties did not agree to and execute a definitive sales agreement prior to 5:00 p.m. on Monday, June 28, 1999. Accordingly, pursuant to the Uniform Commercial Code and/or all applicable authorities, there was no contract between the parties and no breach.

FAILURE TO STATE A CLAIM

3.    Count II and Count III within the Complaint fail to state a cause of action cognizable in equity or law against International Paper and must therefore be dismissed.  Further, Count II and Count III are duplicative and do not state distinct cause of actions.

WAIVER

4.    Plaintiff's claims are barred by the doctrine of waiver.  Plaintiff's own actions and inaction caused the failure to complete this sale transaction.  Among other things, Plaintiff failed to provide the necessary personnel required to conduct the requested inspections and failed to agree to the proposed terms of sale.  Plaintiff knew it could purchase the subject plane "AS IS" and knowingly refused to do so. Plaintiff intentionally relinquished its opportunity to purchase the subject plane. Accordingly, Plaintiff waived any rights it may have had and is not entitled to damages.

## MITIGATION OF DAMAGES

5.     Plaintiff failed to mitigate its damages.  Plaintiff made no effort to purchase a substantially similar plane and did not take any steps to acquire the subject plane prior to additional improvements being made.

## COLLATERAL SOURCE

6.     International Paper is entitled to a setoff for any and all payments made by collateral sources.

## ACTIONS OF PLAINTIFF

7.     Any damages incurred by Plaintiff were caused by the actions of Plaintiff including, among other things: (1) failure to agree to terms; and (2) failure to provide a flight crew.

## NO IMPLIED OR EXPRESS DUTIES

8.     International Paper gave no implied or express warranty of "good faith fair dealing and commercial reasonableness."

## COMPARATIVE NEGLIGENCE

9.     The damages and/or losses, if any, sustained by Plaintiff were directly and proximately caused by and contributed to by Plaintiff's own negligence and comparative fault, and therefore its recovery, if any, should be diminished, reduced, offset or barred in accordance with the principles of comparative fault.

## NO RESTRICTION ON SALE TO NON-PARTIES

10.     The purported contract did not in any way restrict or prohibit International Paper from entertaining offers of purchase by other parties.  Further,

there are no documents which in any way restrict or prohibit International Paper from transferring the subject plane to other non-parties anytime after 5:00 p.m. on Monday, June 28, 1999.

## ESTOPPEL

11.    Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff's own actions and inaction caused the failure to complete this sale transaction. Specifically, Plaintiff failed to provide the necessary personnel required to conduct the requested inspections and failed to agree to the proposed terms of sale. Further, Plaintiff informed International Paper that it refused to purchase the subject plane "AS IS" and refused to agree to the terms proposed in a definitive sales agreement. Plaintiff gave International Paper no indication that it intended to proceed with the purchase of the subject plane "AS IS." International Paper relied upon Plaintiff's refusal to purchase the subject plane and refusal to reach agreement on definitive terms to the transaction. Due to its failures, Plaintiff is estopped from claiming damages which resulted from its own action or inaction.

## GOOD FAITH

12.    At all material times, International Paper acted in the utmost good faith with respect to the attempted sale of the subject plane to Plaintiff and with respect to the ultimate sale of the subject plane to a third party.

## ADDITIONAL DEFENSES

13.    International Paper hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of

discovery and thus may seek leave of court to amend its answer to assert any such defenses.

WHEREFORE, International Paper Company having answered Plaintiff's Complaint, respectfully moves this Court to dismiss same and for any other reasons the Court deems appropriate.

WE HEREBY CERTIFY that on this 7th day of February, 2000, a true and correct copy of the foregoing has been furnished via U.S. Mail to David H. Reimer, Attorney for Plaintiff, Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, Florida 33021.

> HOLLAND & KNIGHT LLP
> Attorneys for International Paper
> One East Broward Boulevard, 13th Floor
> P.O. Box 14070
> Fort Lauderdale, FL 33302-4070
> Tel: (954) 525-1000
> Fax: (954) 463-2030
>
> By: _____
>    Richard C. Hutchison
>    Florida Bar No. 709360
>    Heather C. Keith
>    Florida Bar No. 905690

FTL1 #468027 v2