UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.
_____ /

### DEFENDANT'S MOTION TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S ALLEGED DAMAGES, OR ALTERNATIVELY, TO COMPEL PLAINTIFF TO RE-DESIGNATE A RULE 30(b)(6) WITNESS TO TESTIFY AS TO DAMAGES AND INCORPORATED MEMORANDUM OF LAW

Defendant, International Paper Company ("IP"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, and other applicable federal law, hereby moves to preclude Plaintiff Turnberry Charters, Inc. ("Turnberry") from proffering any evidence at trial regarding its alleged damages, or in the alternative, to compel Plaintiff to re-designate a Rule 30(b)(6) corporate representative who will testify as such at deposition.

*BACKGROUND*

It is now well over one year since Turnberry filed its complaint in this case, and less than *one week* before pre-trial discovery must be completed. Notwithstanding either, Turnberry, has failed and refused to produce a corporate representative to testify regarding Turnberry's alleged damages, despite several requests for same by IP. Such lack of cooperation is nothing more than an attempt



by Turnberry to unduly and unfairly prejudice IP. As such, this Court should preclude Turnberry from attempting to proffer any damage evidence at trial. Alternatively, Turnberry should be compelled to re-designate a corporate representative to testify at deposition without delay.

### *STATEMENT OF FACTS*

On May 2, 2000, this Court entered an Order, providing, *inter alia*, that all pre-trial discovery was to be completed by December 15, 2000 ("May 2 Order"). *See* May 2 Order, attached hereto as Exhibit 1. Following entrance of the May 2 Order, counsel for the parties began to discuss the taking of depositions. During those discussions, undersigned counsel expressed a desire to take the deposition of Turnberry's corporate representative, pursuant to Fed. R. Civ. P. ("Rule") 30(b)(6).

Finally, after numerous demands by undersigned counsel, and several cancelled deposition dates,[1] Turnberry agreed to produce a Rule 30(b)(6) witness on October 5, 2000. Accordingly, the undersigned served a Re-Notice of Taking 30(b)(6) Deposition on September 13, 2000. A copy of this Re-Notice is attached hereto as Exhibit 2. Included in this Re-Notice were eleven enumerated "Areas of Examination" to be pursued during the deposition, including: "2. All documents and facts supporting Plaintiffs' claim for damages in this lawsuit." *See* Exhibit 2.

---

[1] Initially, on August 9, 2000, undersigned served a Notice of Taking 30(b)(6) Deposition on Turnberry's counsel, David Reimer. A week later, the Rule 30(b)(6) deposition was rescheduled for September 12, 2000. However, due to scheduling conflicts, and at Mr. Reimer's insistence, the 30(b)(6) deposition did not take place as rescheduled.

On October 5, 2000, Turnberry produced Larry Milo Aitkens as its 30(b)(6) witness. *See* Deposition of Larry Milo Aitkens, October 5, 2000 ("Aitkens Dep."), pp. 21:1 to 22:1. When the undersigned attempted to query Mr. Aitkens about Turnberry's alleged damages, Mr. Aitkens could provide *absolutely no information*.[2] The following exchange evidences Mr. Aitkens' lack of knowledge:

> Q: [W]hat damages are the plaintiff claiming in this case?
> A: I don't know.
> Q: [W]hat expenses or damages are the plaintiffs alleging in paragraph 26?
> A: I don't know.
> 
> \*   \*   \*
> 
> Q: Do you know? You are here to testify on behalf of the plaintiff, either you know or you don't know.
> A: I don't know.
> Q; [D]o you know what damages the plaintiffs are claiming in this case as alleged in Count II, paragraphs 30 and 31?
> A: No, I don't.
> Q: [D]o you know what damages the plaintiffs are alleging as a result of Count III in this case?
> A: No, I don't.

Aitkens Dep., pp. 64:22 to 65:2; 65:11-24.

Since Mr. Aitkens' deposition, the undersigned has requested of Mr. Reimer, on several occasions, both orally and in writing, that Turnberry produce a corporate representative to testify about damages. *See* attached Composite Exhibit 3, containing two such letters from IP's counsel to Mr. Reimer.

---

[2] Not only could Mr. Aitkens not testify about damages, he could barely testify as to *any* of the eleven "Areas of Examination" designated in both the First and Third Notices. Indeed, Mr. Aitkens: (a) never read Turnberry's complaint; (b) never discussed the deposition with anyone at Turnberry, except for a fellow Turnberry employee, and that conversation was limited to that fact that Mr. Aitkens was being deposed; (c) only met with Turnberry's counsel for an hour and a half; and (d) did not review any documents in preparation for his deposition. *See* Aitkens Dep., pp. 22:8 to 24:15; 28:7 to 29:4.

3

Despite IP's requests and Mr. Reimer's obligation to do such, no corporate representative (or any witness for that matter) has ever been produced by Turnberry to testify regarding its alleged damages. To date, less than one week remains until the December 15, 2000 discovery cut-off, and no damages witness has been disclosed.

Since Turnberry has not produced a witness to detail and document its claimed damages, IP will be deprived of its right to be prepared to respond to such at trial. Therefore, Turnberry should be precluded from presenting any evidence at trial regarding damages; or alternatively, Turnberry should be compelled to re-designate a Rule 30(b)(6) witness to testify about damages, in order to avoid unfair surprise at trial.

*LEGAL ARGUMENT*

POINT I

**TURNBERRY SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE AT TRIAL REGARDING ITS ALLEGED DAMAGES**

Unquestionably, this Court possesses authority to sanction Turnberry for its failure to comply with IP's discovery requests.[3] *See Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126-27 (S.D. Fla. 1987); *see also Banco Latino, S.A.C.A. v. Lopez*, 53 F. Supp.2d 1273, 1277 (S.D. Fla. 1999); *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 485-86 (S.D. Fla. 1984).

---

[3] This extraordinary power, derives not only from Rule 37 of the Federal Rules of Civil Procedure, but from "the inherent power to regulate litigation and to sanction litigants for abusive practices." *Telectron*, 116 F.R.D. at 126, 128; *see also Banco Latino*, 53 F. Supp.2d at 1277 (acknowledging that a court's sanctioning powers extend beyond the Rules of Civil Procedure).

4

A district court's sanctioning power, necessarily includes the ability to preclude a party from proffering evidence at trial. *See* Fed. R. Civ. P. 37(d), (b)(2)(B)[4]; *see also, e.g. Dale v. General Motors Corp.*, 109 F. Supp.2d 1376, 1384-85 (N.D. Ga. 1999); *Carney v. KMart Corp.*, 176 F.R.D. 227, 229 (S.D. W. Va. 1997).

Here, Turnberry: (a) delivered a totally unprepared corporate representative to testify about damages; and (b) has otherwise completely ignored IP's requests for production of a witness to testify as to damages. Such behavior certainly constitutes a failure to attend deposition under Rule 37(d), and will undoubtedly work a substantial prejudice against IP at trial. Accordingly, this Court should sanction Turnberry pursuant to Rules 37(d) and (b)(2)(B), by precluding it from proffering any evidence at trial relating to damages.

**POINT II**

**TURNBERRY SHOULD BE COMPELLED TO RE-DESIGNATE A RULE 30(B)(6) WITNESS TO TESTIFY REGARDING DAMAGES**

If the Court decides to permit Turnberry to present damage evidence at trial, this Court should, therefore, compel Turnberry to re-designate a Rule 30(b)(6) witness, with knowledge of such purported damages.

---

[4] Turnberry's conduct in producing a corporate representative completely unprepared to testify regarding damages, equates to Turnberry's failure to produce a deponent, in contravention of Rule 37(d). *See King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995); *see also Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 150-51 (S.D.N.Y. 1997); *United States v. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996) (finding that "[p]roducing an unprepared witness is tantamount to a failure to appear"). Thus, this Court may properly sanction Turnberry under Rule 37(b)(2)(B). *See* Fed. R. Civ. P. 37(d); *see also id.*

5

A.  **Turnberry Flagrantly Disregarded Its Obligations Under Rule 30(b)(6) by Failing to Provide a Knowledgeable Witness**

In the case of *King v. Pratt & Whitney,* the Southern District of Florida outlined the obligations of a responding corporation under Rule 30(b)(6). 161 F.R.D. 475 (S.D. Fla. 1995). There, the court wrote:

> 1) Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice. 2) If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions, etc. **The corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation**. Rule 30(b)(6) delineates this affirmative duty. * * * *Id.* at 476 (emphasis supplied).

Aside from its initial duty to prepare the witness, the designating entity faces another duty when the designated deponent proves deficient during the deposition, namely, to immediately produce a substitute deponent with knowledge of the information sought. *See Alexander v. F.B.I.*, 186 F.R.D. 148, 152 (D.D.C. 1999); *see also Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70 (D. Neb. 1995).

*Sub judice*, Turnberry violated both of its Rule 30(b)(6) duties. Namely, it failed to produce a witness who could testify about damages (*see* Aitkens Dep., pp. 64:22 to 65:2; 65:11-24); and it failed to immediately (or even within a reasonable time) provide a substitute deponent with knowledge thereon.

The disavowal of Turnberry's duties, eviscerates the letter and spirit of Rule 30(b)(6) and renders Mr. Aitkens' deposition useless. *See e.g., Alexander*, 186 F.R.D.

6

at 151; *Bank of New York*, 171 F.R.D. at 151 (finding that the corporation's failure to prepare the deponent rendered his testimony worthless). In effect, Turnberry unjustifiably deprived IP of its right and ability to gain pertinent and relevant information and completely wasted IP's time and resources in conducting Mr. Aitkens' deposition.

This callous disregard for the rules of civil procedure and the rights of IP, permits this Court to compel Turnberry, pursuant to Rule 37(a), to re-designate a corporate representative to testify about damages, without delay.

### *CONCLUSION*

**WHEREFORE**, IP respectfully requests that this Court enter an Order preventing Turnberry from presenting at trial any evidence relating to its purported damages. In the alternative, IP requests that the Court enter an Order compelling Turnberry to re-designate, without delay, a Rule 30(b)(6) witness to testify at deposition regarding Turnberry's claimed damages.

           Respectfully submitted,

           HOLLAND & KNIGHT LLP
           Attorneys for International Paper
           One East Broward Boulevard, 13th Floor
           P.O. Box 14070
           Fort Lauderdale, FL 33302-4070
           Tel: (954) 525-1000
           Fax:(954) 463-2030

By: *[signature]*
      Richard C. Hutchison
      Florida Bar No. 709360
      Paul H. Minoff
      Florida Bar No. 0182079

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this __8__ day of December, 2000, a true and correct copy of the foregoing has been furnished via facsimile and U.S. Mail to: David H. Reimer, Attorney for Plaintiff, Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, Florida 33021.

HOLLAND & KNIGHT LLP

By: _____
Richard C. Hutchison
Florida Bar No. 709360

FTL1 #520636 v2

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-DIMITROULEAS

TURNBERRY CHARTERS, INC.,

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY,

    Defendant.

_____/

Magistrate Judge Johnson

FILED by _____ D.C.

MAY 0 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. FT. LAUD.

### ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS TO UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court upon receipt of the parties' joint scheduling report.

It is thereupon, **ORDERED AND ADJUDGED** as follows:

### Trial Date & Location

1. This case is set for trial on the two-week calendar commencing Monday, March 12, 2001. Counsel for all parties shall appear at a calendar call commencing at 10:00 o'clock A.M. on Friday, March 9, 2001. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 203E at the U.S. Courthouse, 299 E. Broward Boulevard, Ft. Lauderdale, Florida.

### Motion Practice

2. Every motion filed in this case shall be accompanied by one proposed original order granting the motion. The order shall contain an up-to-date service list of all attorneys in the case and shall include stamped envelopes addressed to each attorney on the service list.



EXHIBIT 1

## Pretrial Schedule

3. Pretrial discovery shall be conducted in accordance with Local Rules 16.1 and 26.1 and the Federal Rules of Civil Procedure. No pretrial conference shall be held in this action, unless the Court determines, *sua sponte*, that a pretrial conference is necessary. In setting the following deadlines, the Court has considered the parties' suggested discovery schedule. Dates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order. To the extent this Order conflicts with the Local Rules, this Order supercedes the Local Rules.

| | |
|---|---|
| Rule 14, 19 Motions | – October 13, 2000 |
| Rule 15(a), (d) Motions | – November 10, 2000 |
| Discovery Cutoff | – December 15, 2000 |
| Substantive Pretrial Motions | – December 22, 2000 |
| Mediation Cutoff | – 60 days before calendar call (Jan 9, 2001) |
| Mandatory Pretrial Stipulation | – February 23, 2001 |
| Motions in Limine | – February 23, 2001 |
| Responses to Motions in Limine | – March 2, 2001 |
| Jury Instructions | – March 2, 2001 |
| Proposed Findings & Conclusions | – March 2, 2001 |
| Voir Dire Questions | – Calendar call |
| Exhibit List for Court | – First day of Trial (impeachment excepted) |
| Witness List for Court | – First day of Trial (impeachment excepted) |

### Mandatory Pretrial Stipulation

4. Counsel must meet at least one month prior to the beginning of the trial period to confer on the preparation of a Pretrial Stipulation in accordance with Local Rule 16.1E. A Pretrial Stipulation lacking substance will not be accepted. Any party causing a unilateral pretrial stipulation to be filed will be required to show cause why sanctions should not be imposed. Each attorney and each self-represented party is charged with the duty of complying with this Order. A motion for continuance shall not stay the requirement for the filing of the Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the calendar call. Failure to comply with the time schedule may result in dismissal or other sanctions.

### Consent Jurisdiction

5. In light of the benefits offered by a trial before a magistrate judge, e.g., trial on a date certain as opposed to placement on a trial calendar, the parties are urged to consider this option. Therefore, within twenty (20) days of the entry of this order each attorney is ordered to meet with his/her client and discuss this option. At the end of the twenty-day period, each party shall file a separate pleading indicating: (1) that they have met and discussed magistrate jurisdiction and (2) unequivocally setting forth their position (yes or no) on magistrate consent jurisdiction. Plaintiff's counsel shall monitor this process. If there is not unanimity in favor of magistrate jurisdiction, plaintiff's counsel need do nothing further. If, however, there is unanimity in favor of magistrate jurisdiction, plaintiff's counsel shall execute the form (enclosed with the copy of this order sent to plaintiff's counsel) entitled "Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge," and forward the original, executed form to defendants' counsel. After completion by all defendants or their counsel, the original form

3

should be forwarded to the Clerk of the Court, Fort Lauderdale Division.

### Mediation

6. Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, this case is referred to mediation as follows:

    a. The mediation shall be completed sixty (60) days prior to the scheduled calendar call;

    b. The parties shall, within sixty (60) days hereof, agree upon a mediator and advise the Clerk's office of their choice, failing which the Clerk will designate a mediator from the list of certified mediators on a blind random basis;

    c. Plaintiff's counsel shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

    d. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof.

### Discovery Referred to Magistrate Judge

7. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Linnea R. Johnson for appropriate disposition of all pretrial discovery motions, and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates. The parties or their counsel shall send a copy of all relevant pleadings and filings directly to Magistrate Judge Johnson when they are filed with the Clerk of the Court (Judge Johnson's chambers are located at the United States Courthouse, 701 Clematis Street,

4

West Palm Beach, Florida 33401.).

## Exhibits

8. Exhibits must be pre-marked and exchanged prior to execution of the Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

## Jury Instructions and Proposed Findings of Fact and Conclusions of Law

9. In cases tried before a jury, each party shall submit joint, stipulated proposed jury instructions and a joint, stipulated proposed verdict form in hard copy form and on 3.5" diskette. All requested instructions shall be typed on a separate page, and except for Eleventh Circuit Pattern instructions, must be supported by citations of authority. Any objections to the proposed instructions shall be stated clearly and concisely and also shall be supported by citations of authority.

In cases tried before the Court, each party shall file proposed Findings of Fact & Conclusions of Law in hard copy form and on 3.5" diskette. Proposed Conclusions of Law must be supported by citations of authority.

## Settlement

10. If a case is settled, counsel are directed to inform the Court promptly at (954) 769-5650 and to submit an appropriate stipulation Order for Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such an Order must be filed within ten (10) days of notification of the Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _2_ day of May, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

5

Copies furnished to:

Magistrate Judge Linnea R. Johnson (WPB)

David Reimer, Esq.
Richard Hutchison, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

NIGHT BOX
FILED

'SEP 1 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.
_____/

### RE- NOTICE OF TAKING 30(b)(6) DEPOSITION OF
### PLAINTIFF'S CORPORATE REPRESENTATIVE(S)

TO:  David H. Reimer
      Reimer & Rosenthal, LLP
      3801 Hollywood Blvd., Suite #350
      Hollywood, FL 33021

PLEASE TAKE NOTICE Defendant will take the deposition, pursuant to Federal Rules of Civil Procedure 30(b)(6), of the following Corporate Representative(s) on the date, time and at the location specified.

| Name: | Location/Date/Time: |
|---|---|
| **Corporate Representative(s) of Turnberry Charters, Inc., a Florida corporation** | **Reimer & Rosenthal, LLP** <br> **3801 Hollywood Blvd., #350** <br> **Hollywood, FL 33021** |
| | **October 5, 2000 at 9:00 a.m.** |

upon oral examination, before Interim Court Reporting, or any other officer duly authorized to administer oaths by the laws of the State of Florida. The deposition will continue from hour to hour and from day to day until completed. The



EXHIBIT 2

deposition is being taken for the purpose of discovery, and for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. The Plaintiff is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf on each matter listed below.

### Areas of Examination

1. All facts supporting all allegations contained in the Plaintiff's Complaint.

2. All documents and facts supporting Plaintiffs' claim for damages in this lawsuit.

3. All documents, photographs, videotapes and communications (oral and written) regarding the attempted purchase of the subject aircraft from Defendant.

4. All documents, photographs, videotapes and communications (oral and written) regarding the purchase of the subject aircraft from Aero Toy Store, Inc.

5. All communications (written or oral) between Plaintiff and Defendant, or its representatives, regarding the subject aircraft and allegations in the Complaint.

6. All communications (written or oral) between Plaintiff and Aero Toy Store, Inc. regarding the subject aircraft.

7. All photographs and/or videos depicting the subject aircraft, including, but not limited to, any and all photographs/videos taken prior to Plaintiff's purchase and after **Plaintiff's purchase.**

8.  All changes, improvements or repairs made to the subject aircraft after January 1999, and documents relating thereto.

9.  Any purchase(s) or sale(s) by Plaintiff of any other aircraft from 1995 to the present.

10. All documents, reports, photographs or other evidence of inspections regarding the aircraft at issue in the Complaint.

11. All documents regarding the retention of individual(s) to assist in the attempted purchase of the subject aircraft including, but not limited to, any consultants, independent contractors and/or other authorized representatives.

> Respectfully submitted,
>
> HOLLAND & KNIGHT LLP
> Attorneys for Defendant
> One East Broward Blvd., Suite #1300
> Ft. Lauderdale, FL 33301
> Telephone (954) 525-1000
> Fax (954) 463-2030
>
> By: _____
> Richard C. Hutchison
> Florida Bar No. 709360
> Email – rhutchison@hklaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by fax and US Mail to Plaintiff's counsel David H. Reimer at Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, FL 33021 on this 13th day of September, 2000.

By: _____
Richard C. Hutchison
Florida Bar No. 709360

cc:  Interim Court Reporting

FTL1 #508279 v1

# HOLLAND & KNIGHT LLP

One East Broward Boulevard, Suite 1300
P.O. Box 14070 (ZIP 33302-4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
www.hklaw.com

Atlanta  Northern Virginia
Boston  Orlando
Bradenton  Providence
Chicago  St. Petersburg
Fort Lauderdale  San Antonio
Jacksonville  San Francisco
Lakeland  Seattle
Los Angeles  Tallahassee
Melbourne  Tampa
Miami  Washington, D.C.
New York  West Palm Beach

International Offices
Buenos Aires*  Tel Aviv*
Mexico City  Tokyo
*Representative Offices

November 21, 2000

**VIA FACSIMILE & U.S. MAIL**

David H. Reimer
Reimer & Rosenthal, LLP
3801 Hollywood Blvd., Suite #350
Hollywood, FL 33021

Re: Turnberry Charters, Inc. v. International Paper Company

Dear David:

Pursuant to International Paper Company's notice of deposition of corporate representative of the plaintiff, I am once again requesting that the plaintiff provide a corporate representative regarding the allegations in the complaint, including the plaintiff's claim for damages. Please advise me of some available dates, prior to the discovery cut-off, when we can schedule this deposition.

If you have any questions regarding the foregoing, please do not hesitate to call.

Very truly yours,

HOLLAND & KNIGHT LLP

Richard C. Hutchison
Signed in his absence to avoid delay

RCH/rb

FTL1 #518526 v1

EXHIBIT
Composite
3

## HOLLAND & KNIGHT LLP

Law Offices

One East Broward Boulevard, Suite 1300
P.O. Box 14070 (ZIP 33302-4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
www.hklaw.com

| | |
|---|---|
| Atlanta | Northern Virginia |
| Boston | Orlando |
| Bradenton | Providence |
| Chicago | St. Petersburg |
| Fort Lauderdale | San Antonio |
| Jacksonville | San Francisco |
| Lakeland | Seattle |
| Los Angeles | Tallahassee |
| Melbourne | Tampa |
| Miami | Washington, D.C. |
| New York | West Palm Beach |

International Offices:
Buenos Aires*  Tel Aviv*
Mexico City    Tokyo
*Representative Offices

November 29, 2000

**VIA FACSIMILE (954) 893-6704**

David H. Reimer
Reimer & Rosenthal, LLP
3801 Hollywood Blvd., Suite #350
Hollywood, FL 33021

      Re: Turnberry Charters, Inc. v. International Paper Company
           U.S.D.C., Southern District of Florida
           Case No. 00-6111-CIV-(DIMITROULEAS/Johnson)

Dear David:

      This is another follow up regarding the completion of discovery in the above case. We are waiting for proposed dates from you for the depositions of Donald Soffer and Jeffrey Soffer. Additionally, we need to know the status of the AeroToy Store depositions. I understand you have tried several times to obtain service on AeroToy and at this time we do not have a date set for the deposition(s). Please notify us regarding your intentions to go forward with the AeroToy deposition(s). We are also working to schedule our expert inspection of the subject aircraft on December 6th or December 7th. In regards to damages, Rick Hutchison has previously requested, and is still waiting for, depositions dates for your corporate representative with the most knowledge on damages.

      The discovery cut off in this case is Friday, December 15, 2000. As you know, Ken Murray is scheduled for deposition on December 6th which may or may not be moved subject to Mr. Murray's availability (he has been served by subpoena). At this time, I expect Mr. Murray's deposition will go forward as scheduled.

David H. Reimer
November 29, 2000
Page 2

In order to timely complete the foregoing, please provide us with our requested deposition dates for Donald Soffer, Jeffrey Soffer and your corporate representative on damages as soon as possible. Additionally, please notify us as to the location of the subject aircraft. Based on the dates you provided, and assuming the aircraft is in the Miami area, our expert is only available for an inspection on December 6th at 1:30 p.m. or on December 7th at 9:00 a.m. We anticipate the inspection will take 3 hours.

Finally, we also request that you provide us with the name, address and proposed deposition dates for any other witnesses and/or expert(s) you intend to call at trial in this matter.

Very truly yours,

HOLLAND & KNIGHT LLP

*[signature]*

Heather C. Keith

FTL1 #519328 v1