UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-Civ-Dimitrouleas/Johnson

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____/



### DEFENDANT'S MOTION AND MEMORANDUM OF LAW
### FOR ENLARGEMENT OF TIME TO CONDUCT DEPOSITIONS
### OR, ALTERNATIVELY, TO EXCLUDE EVIDENCE

Defendant International Paper Company, through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6 and Southern District of Florida Local Rule 7.1, move the Court as follows:

### I.   INTRODUCTION.

On or about November 30, 1999, Plaintiff filed its Complaint in the United States District Court of the Middle District of Florida, Case No. 99-1498-CIV-ORL-22C. Defendants were served with Plaintiff's Complaint on November 30, 1999 . Subsequently, on January 18, 2000 the case was transferred on the basis of venue to this Court.

On May 2, 2000 this Court issued its Order Setting Trial Date and Discovery Deadlines (the "Trial Order"), attached as Exhibit "A", in which the Discovery

1



Cutoff was set for December 15, 2000. Pursuant to the Trial Order, the parties have been conducting discovery and taking depositions in due course. In the last few months, both parties have attempted to serve and depose some relevant non-party witnesses. After both parties experienced difficulties in obtaining service, Defendant obtained service on Friday, December 8, 2000 and noticed with subpoenas three (3) depositions of the following individual/corporate representatives: (1) Corporate Representative of AeroToy Store; (2) Morris Shirazi a/k/a Mayer Shirazipour c/o AeroToy Store; and (3) Corporate Representative of Jet Center Interiors. The depositions were scheduled for today, Friday December 15, 2000 and copies of the notice of deposition together with the subpoenas are attached as Exhibit "B".

In the interest of cooperation, undersigned counsel attempted to contact the attorney for the deponents, Mr. Bruce Green, and left messages on two separate occasions attempting to confirm the deposition date and location. Undersigned counsel never received a return call from counsel for the non-party deponents. On Thursday, December 14, 2000, undersigned counsel again called to confirm the depositions as noticed and at that time, counsel for the non-party deponents indicated that he was unable to get in touch with his clients and they would not be appearing at the scheduled depositions.

Due to the Discovery Cutoff, undersigned counsel informed Mr. Green, attorney for the non-party deponents, that we would not release them from the subpoenas and that we had no alternative but to proceed with the depositions as

2

scheduled. Undersigned counsel requested that Mr. Green continue his efforts to get in touch with the non-party deponents and produce them for the depositions as scheduled.

Today, as expected, no witnesses showed up for the depositions. Certificates of non-appearance have been ordered and will be filed under separate cover upon receipt from the court reporter. Counsel for the non-party deponents has agreed to produce the requested individuals for deposition on a mutually agreeable date and time in January. Mr. Green indicated that his clients are not attempting to avoid the depositions in bad faith; rather, he was merely unable to get in touch with them to arrange appearance at the scheduled time.

Due to other conflicts and the holidays, the first available dates to conduct these depositions are in mid-January. The trial in this matter is set for the two-week docket commencing Monday, March 12, 2001. Both parties, Plaintiff and Defendant have an interest in proceeding to take these depositions and have attempted to conduct the depositions within the originally scheduled discovery limits. Therefore, Defendants request from the Court a brief enlargement of time – through and including February 2, 2000 – within which to reschedule and complete the depositions of the three previously noticed depositions.

Pursuant to Southern District of Florida Local Rule 7.1, counsel for Plaintiff has been contacted and has indicated that he does not oppose the enlargement of time requested in this Motion.

3

However, if the Court does not grant the requested enlargement of time, Defendant requests the Court exclude any evidence (documents or testimony) from the non-party witnesses at trial. Although in agreement with the enlargement request, Plaintiff's counsel has indicated that does oppose the Defendant's alternative request for the exclusion of such evidence.

## II.    MEMORANDUM OF LAW.

Federal Rule of Civil Procedure 6(b) permits the Court, for cause shown, to enlarge the time period within which an act is required to be done. Where, as here, an enlargement of time is requested within the prescribed period for responding, a discretionary extension of time should be liberally granted absent a showing of bad faith on the part of the movant or undue prejudice to other parties in the action. *See, e.g., United States v. Miller Brothers Construction Company*, 505 F.2d 1031, 1035 (10th Cir. 1974); *National Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977); *Creedon v. Taubman*, 8 F.R.D. 268, 269 (N.D. Ohio 1947).

Here, no prejudice will result to Plaintiff if this enlargement of time is granted and, indeed, Plaintiff's counsel does not oppose the requested enlargement. The enlargement of time requested in this motion is sought for good cause and not for purposes of delay.

## III.    CONCLUSION.

WHEREFORE, Defendant International Paper Company requests that the Court enter an Order enlarging the deadline for Defendant to complete the

4

depositions of (1) the Corporate Representative of AeroToy Store, (2) Morris Shirazi, and (3) the Corporate Representative of Jet Center Interiors, through and including February 2, 2001. Alternatively, if the Court does not grant the requested enlargement of time, Defendant requests the Court exclude any evidence at trial regarding these non-party witnesses. Pursuant to Southern District of Florida Local Rule 7.1, a proposed Order has been submitted at Tab 1 to this Motion.

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000 - phone
(954) 463-2030 - fax
hkeith@hklaw.com - email

By: _Heather C Keith_

Heather C. Keith
Florida Bar No. 905690

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 15th day of December, 2000, a true and correct copy of the foregoing has been furnished via fax and U.S. Mail to: David H. Reimer, Attorney for Plaintiff, Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, Florida 33021.

> HOLLAND & KNIGHT LLP
> Attorneys for Defendant
> One East Broward Boulevard, Suite 1300
> Post Office Box 14070
> Fort Lauderdale, Florida 33302-4070
> (954) 525-1000 - phone
> (954) 463-2030 - fax
> hkeith@hklaw.com - email
>
> By: _Heather C. Keith_
>
> Heather C. Keith
> Florida Bar No. 905690

FTL1 #522058 v1

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-DIMITROULEAS

TURNBERRY CHARTERS, INC.,

Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY,

Defendant.

_____/

Magistrate Judge Johnson

FILED by _____ D.C.

MAY 0 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS TO UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court upon receipt of the parties' joint scheduling report.

It is thereupon, **ORDERED AND ADJUDGED** as follows:

### Trial Date & Location

1. This case is set for trial on the two-week calendar commencing Monday, March 12,

2001. Counsel for all parties shall appear at a calendar call commencing at 10:00 o'clock A.M.

on Friday, March 9, 2001. Unless instructed otherwise by subsequent order, the trial and all

other proceedings in this case shall be conducted in Courtroom 203E at the U.S. Courthouse, 299

E. Broward Boulevard, Ft. Lauderdale, Florida.

### Motion Practice

2. Every motion filed in this case shall be accompanied by one proposed original order

granting the motion. The order shall contain an up-to-date service list of all attorneys in the case

and shall include stamped envelopes addressed to each attorney on the service list.

## Pretrial Schedule

3. Pretrial discovery shall be conducted in accordance with Local Rules 16.1 and 26.1 and the Federal Rules of Civil Procedure. No pretrial conference shall be held in this action, unless the Court determines, *sua sponte*, that a pretrial conference is necessary. In setting the following deadlines, the Court has considered the parties' suggested discovery schedule. Dates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order. To the extent this Order conflicts with the Local Rules, this Order supercedes the Local Rules.

| | |
|---|---|
| Rule 14, 19 Motions | – October 13, 2000 |
| Rule 15(a), (d) Motions | – November 10, 2000 |
| Discovery Cutoff | – December 15, 2000 |
| Substantive Pretrial Motions | – December 22, 2000 |
| Mediation Cutoff | – 60 days before calendar call (Jan 9, 2001) |
| Mandatory Pretrial Stipulation | – February 23, 2001 |
| Motions in Limine | – February 23, 2001 |
| Responses to Motions in Limine | – March 2, 2001 |
| Jury Instructions | – March 2, 2001 |
| Proposed Findings & Conclusions | – March 2, 2001 |
| Voir Dire Questions | – Calendar call |
| Exhibit List for Court | – First day of Trial (impeachment excepted) |
| Witness List for Court | – First day of Trial (impeachment excepted) |

2

## **Mandatory Pretrial Stipulation**

4. Counsel must meet at least one month prior to the beginning of the trial period to confer on the preparation of a Pretrial Stipulation in accordance with Local Rule 16.1E. A Pretrial Stipulation lacking substance will not be accepted. Any party causing a unilateral pretrial stipulation to be filed will be required to show cause why sanctions should not be imposed. Each attorney and each self-represented party is charged with the duty of complying with this Order. A motion for continuance shall not stay the requirement for the filing of the Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the calendar call. Failure to comply with the time schedule may result in dismissal or other sanctions.

## **Consent Jurisdiction**

5. In light of the benefits offered by a trial before a magistrate judge, e.g., trial on a date certain as opposed to placement on a trial calendar, the parties are urged to consider this option. Therefore, within twenty (20) days of the entry of this order each attorney is ordered to meet with his/her client and discuss this option. At the end of the twenty-day period, each party shall file a separate pleading indicating: (1) that they have met and discussed magistrate jurisdiction and (2) unequivocally setting forth their position (yes or no) on magistrate consent jurisdiction. Plaintiff's counsel shall monitor this process. If there is not unanimity in favor of magistrate jurisdiction, plaintiff's counsel need do nothing further. If, however, there is unanimity in favor of magistrate jurisdiction, plaintiff's counsel shall execute the form (enclosed with the copy of this order sent to plaintiff's counsel) entitled "Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge," and forward the original, executed form to defendants' counsel. After completion by all defendants or their counsel, the original form

3

should be forwarded to the Clerk of the Court, Fort Lauderdale Division.

## Mediation

6. Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, this case is referred to mediation as follows:

a. The mediation shall be completed sixty (60) days prior to the scheduled calendar call;

b. The parties shall, within sixty (60) days hereof, agree upon a mediator and advise the Clerk's office of their choice, failing which the Clerk will designate a mediator from the list of certified mediators on a blind random basis;

c. Plaintiff's counsel shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

d. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof.

## Discovery Referred to Magistrate Judge

7. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Linnea R. Johnson for appropriate disposition of all pretrial discovery motions, and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates. The parties or their counsel shall send a copy of all relevant pleadings and filings directly to Magistrate Judge Johnson when they are filed with the Clerk of the Court (Judge Johnson's chambers are located at the United States Courthouse, 701 Clematis Street,

4

West Palm Beach, Florida 33401.).

## Exhibits

8. Exhibits must be pre-marked and exchanged prior to execution of the Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

## Jury Instructions and Proposed Findings of Fact and Conclusions of Law

9. In cases tried before a jury, each party shall submit joint, stipulated proposed jury instructions and a joint, stipulated proposed verdict form in hard copy form and on 3.5" diskette. All requested instructions shall be typed on a separate page, and except for Eleventh Circuit Pattern instructions, must be supported by citations of authority. Any objections to the proposed instructions shall be stated clearly and concisely and also shall be supported by citations of authority.

In cases tried before the Court, each party shall file proposed Findings of Fact & Conclusions of Law in hard copy form and on 3.5" diskette. Proposed Conclusions of Law must be supported by citations of authority.

## Settlement

10. If a case is settled, counsel are directed to inform the Court promptly at (954) 769-5650 and to submit an appropriate stipulation Order for Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such an Order must be filed within ten (10) days of notification of the Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this ___ day of May, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

5

Copies furnished to:

Magistrate Judge Linnea R. Johnson (WPB)

David Reimer, Esq.
Richard Hutchison, Esq.

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

Defendant.

_____/

## NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:  David H. Reimer
Reimer & Rosenthal, LLP
3801 Hollywood Blvd., Suite #350
Hollywood, FL 33021

PLEASE TAKE NOTICE that Defendant will take the deposition of the

following person on the date, time and at the location specified.

| Name: | Location/Date/Time: |
|---|---|
| **Corporate Representative**<br>**Aero Toy Store** | **Holland & Knight LLP**<br>**1 East Broward Blvd., #1300**<br>**Ft. Lauderdale, FL 33301** |
| | **December 15, 2000 at 9:00 a.m.** |
| **Morris Shirazi**<br>a/k/a Mayer Shirazipour | **12:00 noon – December 15, 2000** |
| **Corporate Representative**<br>**Jet Center Interiors** | **2:00 p.m. – December 15, 2000** |

upon oral examination, before Spherion Court Reporting, or any other officer duly

authorized to administer oaths by the laws of the State of Florida.  The deposition

will continue from hour to hour and from day to day until completed.    The

deposition is being taken for the purpose of discovery, and for use at trial, or both of

the foregoing, or for such other purposes as are permitted under the applicable and

governing rules.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for International Paper
One East Broward Blvd., Suite #1300
Ft. Lauderdale, FL 33301
Telephone (954) 525-1000
Fax (954) 463-2030

By:

Richard C. Hutchison
Florida Bar No. 709360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been
served via U.S. Mail to Plaintiff's counsel David H. Reimer at Reimer & Rosenthal,
LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, FL 33021 on this _4_ day of
December, 2000.

By:

Richard C. Hutchison
Florida Bar No. 709360

cc:    Spherion Court Reporting

FTL1 #508478 v1

# United States District Court
## SOUTHERN DISTRICT OF FLORIDA

Turnberry Charters, Inc.,

               Plaintiff

V.

International Paper Company,

               Defendants

SUBPOENA FOR DEPOSITION IN A CIVIL CASE DUCES TECUM

Case No. 00-6111-CIV-(DIMITROULEAS/Johnson)

TO:    Corporate Representative
         Jet Center Interiors
         2050 West Cypress Creek Road
         Fort Lauderdale, Florida 33309
         (954) 489-9219

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM |
|---|---|
|  | DATE AND TIME: |

**X**   YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Holland & Knight LLP | December 15, 2000 |
| 1 East Broward Boulevard, Suite 1300 | 2:00 p.m. |
| Ft. Lauderdale, FL 33301 | |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Copies of any and all documents (including, but not limited to, correspondence, reports, notes, phone messages, diaries, phone records, drafts, contracts, memos, expense reports and agreements) regarding the negotiation, purchase and inspection of the aircraft (Challenger 600) from International Paper Company and/or Emerald Aviation; documents regarding the inspection, improvements, repairs and sale of the aircraft to Turnberry; and prospective sale to any other party.**

| PLACE | DATE AND TIME |
|---|---|
| Holland & Knight LLP | December 15, 2000 |
| 1 East Broward Boulevard, Suite 1300 | 2:00 p.m. |
| Ft. Lauderdale, FL 33301 | |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suite that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Richard C. Hutchison*, Richard C. Hutchison, Attorney for Defendants | December ___4___, 2000 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Richard C. Hutchison, Esq., Holland & Knight LLP, Attorney for Defendants, One East Broward Boulevard, Suite 1300, Fort Lauderdale, Florida 33301; (954) 525-1000

1

PROOF OF SERVICE

| | | |
|---|---|---|
| *Corporate Representative* DATE<br>Jet Center Interiors | DATE<br>Dec. 8, 2000 | PLACE Law Office of Bruce D. Green<br>600 S. Andrews Ave.<br>Fort Lauderdale, Fl. 3330) |
| **SERVED** | | |
| SERVED ON (PRINT NAME)<br>Joni Ferrer | | MANNER OF SERVICE<br>Hand Delivery |
| SERVED BY (PRINT NAME)<br>Catherine P. Cox | | TITLE<br>Investigator |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _12/8/2000_

DATE                    SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C&D

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
    (i)    fails to allow reasonable time for compliance;
    (ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected    material and no exception or waiver applies, or
    (iv)   subjects a person to undue burden.
(B)   If a subpoena:
    (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

FTL1 #520034 v1

3

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court
## SOUTHERN DISTRICT OF FLORIDA

Turnberry Charters, Inc.,

      Plaintiff

V.

International Paper Company,

      Defendants

**SUBPOENA FOR DEPOSITION IN A CIVIL CASE DUCES TECUM**

Case No. 00-6111-CIV-(DIMITROULEAS/Johnson)

TO: Morris Shirazi, a/k/a
   Mayer Shirazipour
   Aero Toy Store
   1710 W. Cypress Creek Road
   Fort Lauderdale, FL 33309

| YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
|---|---|
| PLACE OF TESTIMONY: | COURTROOM |
| | DATE AND TIME: |

| **X** YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|
| PLACE OF DEPOSITION<br>**Holland & Knight LLP**<br>**1 East Broward Boulevard, Suite 1300**<br>**Ft. Lauderdale, FL 33301** | DATE AND TIME<br>**December 15, 2000**<br>**12:00 noon** |

| YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Copies of any and all documents (including, but not limited to, correspondence, reports, notes, phone messages, diaries, phone records, drafts, contracts, memos, expense reports and agreements) regarding the negotiation, purchase and inspection of the aircraft (Challenger 600) from International Paper Company and/or Emerald Aviation; documents regarding the inspection, improvements, repairs and sale of the aircraft to Turnberry; and prospective sale to any other party.** | |
|---|---|
| PLACE<br>Holland & Knight LLP<br>1 East Broward Boulevard, Suite 1300<br>Ft. Lauderdale, FL 33301 | DATE AND TIME<br>December 15, 2000<br>12:00 noon |

| YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE AND TIME |

Any organization not a party to this suite that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_R. drul C. Hutchison_ , Richard C. Hutchison, Attorney for Defendants | DATE<br>December _4_, 2000 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Richard C. Hutchison, Esq., Holland & Knight LLP, Attorney for Defendants, One East Broward Boulevard, Suite 1300, Fort Lauderdale, Florida 33301; (954) 525-1000 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

1

AO 88 (11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| Morris Shirozi a/k/a Mayer Shirazipour **DATE** Dec 8, 2000 **SERVED** | **PLACE** Law Office of Bruce D. Green 600 S. Andrews Ave. Fort Lauderdale, Fl. 33301 |
| **SERVED ON (PRINT NAME)** Joni Ferrer | **MANNER OF SERVICE** Hand Delivery |
| **SERVED BY (PRINT NAME)** Catherine P. Cox | **TITLE** Investigator |
| DECLARATION OF SERVER | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 12/8/2000
_DATE_

_SIGNATURE OF SERVER_

## ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C&D

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)     A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)     On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i)     fails to allow reasonable time for compliance;

(ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule  such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected    material and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)  If a subpoena:

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

FTL1 #520032 v1

2

# United States District Court
## SOUTHERN DISTRICT OF FLORIDA

Turnberry Charters, Inc.,

Plaintiff

V.

International Paper Company,

Defendants

SUBPOENA FOR DEPOSITION IN A CIVIL CASE DUCES TECUM

Case No. 00-6111-CIV-(DIMITROULEAS/Johnson)

TO:    Corporate Representative
Aero Toy Store
1710 W. Cypress Creek Road
Fort Lauderdale, FL 33309

| YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
|---|---|
| PLACE OF TESTIMONY: | COURTROOM |
| | DATE AND TIME: |

| $\underline{\mathbf{X}}$    YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. | |
|---|---|
| PLACE OF DEPOSITION<br>Holland & Knight LLP<br>1 East Broward Boulevard, Suite 1300<br>Ft. Lauderdale, FL 33301 | DATE AND TIME<br>December 15, 2000<br>9:00 a.m. |

| YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Copies of any and all documents (including, but not limited to, correspondence, reports, notes, phone messages, diaries, phone records, drafts, contracts, memos, expense reports and agreements) regarding the negotiation, purchase and inspection of the aircraft (Challenger 600) from International Paper Company and/or Emerald Aviation; documents regarding the inspection, improvements, repairs and sale of the aircraft to Turnberry; and prospective sale to any other party.** | |
|---|---|
| PLACE<br>Holland & Knight LLP<br>1 East Broward Boulevard, Suite 1300<br>Ft. Lauderdale, FL 33301 | DATE AND TIME<br>December 15, 2000<br>9:00 a.m. |

| YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE AND TIME |

| Any organization not a party to this suite that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6). | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>R. dud ( Mutchn  _____ Richard C. Hutchison, Attorney for Defendants | DATE<br>December __4__, 2000 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Richard C. Hutchison, Esq., Holland & Knight LLP, Attorney for Defendants, One East Broward Boulevard, Suite 1300, Fort Lauderdale, Florida 33301; (954) 525-1000 |
|---|

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D)

AO 88 (11/91) Subpoena in a C_ _ Case

| PROOF OF SERVICE | | |
|---|---|---|
| *Corporate Representative* DATE | | PLACE *Law Office of Bruce D. Green 600 S. Andrews Ave. Fort Lauderdale, Fl. 3330)* |
| *Aero Toy Store* | *Dec 8, 2000* | |
| SERVED | | |
| SERVED ON (PRINT NAME) *Joni Ferrer* | | MANNER OF SERVICE *Hand Delivery* |
| SERVED BY (PRINT NAME) *Catherine P. Cox* | | TITLE *Investigator* |
| DECLARATION OF SERVER | | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___12/8/2000___

DATE                                    SIGNATURE OF SERVER

## ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C&D

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)      A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)      On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i)     fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected       material and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena:

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

FTL1 #508270 v1

2

TAB "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-Civ-Dimitrouleas/Johnson

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____/

## ORDER GRANTING ENLARGEMENT
## OF TIME TO CONDUCT DEPOSITIONS

THIS CAUSE came before the Court on Defendant's Motion and Memorandum of Law for Enlargement of Time to Conduct Depositions or, Alternatively, to Exclude Evidence.

The Court, having reviewed the motion, being otherwise fully advised in the premises, and noting that the Motion is unopposed, it is hereby ORDERED AND ADJUDGED that Defendant's Motion is **GRANTED.** Defendants shall have through and including February 2, 2001 to reschedule and conduct the previously noticed depositions.

DONE AND ORDERED in Chambers, in Broward County, Florida, this _____ day of December, 2000.

_____
United States District Judge

cc:   David H. Reimer, *for Plaintiff*
     Heather C. Keith, *for Defendant*

7