UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO: ~~99-1498-CIV-ORL-22~~ 00cv6111 WPD

TURNBERRY CHARTERS, INC.

    Plaintiff,

v.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____/

NIGHT BOX
FILED
JAN 2 5 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## PLAINTIFF, TURNBERRY CHARTERS, INC.'S
## REPLY TO THE COURT'S ORDER TO SHOW CAUSE

Plaintiff, TURNBERRY CHARTERS, INC., by and through their undersigned counsel, hereby files this Reply to the Court's Order to Show Cause entered January 18, 2001, and states:

1. On January 18, 2001, this Court entered an Order to Show Cause why Plaintiff had not responded to Defendant, INTERNATIONAL PAPER COMPANY'S, Motion for Summary Judgment or in the Alternative Partial Summary Judgment Limiting Damages.

2. The undersigned counsel states that prior to receipt of the Court's Order to Show Cause, he was unaware that such a Motion had been filed.

3. Defendants' Motion was served December 21, 2000. At the time of its receipt, Plaintiff's counsel was on an extended family vacation. While the Motion was received by counsel's office while he was away, the deadline for response was apparently diaried on the wrong attorneys' calendar, and the motion placed in the internal case file.

4. As a result of this compounded error, upon counsel's return from vacation, he was not alerted to the Motion by an entry on his calendar or by having seen the Motion.



5. Since having returned from vacation no mention of the Motion was made by opposing counsel, (not that they should have mentioned it), and as a result, it was not until receipt of the Court's Order that counsel became aware that the Motion had been filed.

6. In conjunction with the filing of this Reply to the Order to Show Cause, Plaintiff has further complied with the Court's Order by filing its Reply to the Defendant's Motion for Summary Judgment.

7. In light of the fact that the Defendant is seeking an adjudication on the merits by its Motion, justice dictates that Plaintiff not be prejudiced by counsel error. *Forman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed. 222 (1962)(holding that rulings on the merits should be avoided simply as a result technicalities caused by counsel's error).

8. Additionally, in prior cases the District Court for the Southern District of Florida has allowed late responses to Motions under Local Rule 7.1 so as to allow motions and cases to be decided on the merits rather than technicalities. *Vernon v. Medical Management Associates of Margate, Inc.*, 912 F.Supp. 1549 (D.C.S.D.Fla. 1996).

9. As a result of the foregoing, Plaintiff requests that the Court rule on the merits of Defendant's Motion for Summary Judgment.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to Richard C. Hutchison, Esq. and Heather C. Keith, Esq., Holland & Knight LLP, One East Broward Blvd., 13th Floor, P.O. Box 14070, Fort Lauderdale, FL 33302-4070, this 25th day of January, 2000.

> REIMER & ROSENTHAL LLP
> Counsel for Plaintiff
> 3801 Hollywood Blvd., Suite 350
> Hollywood, FL 33021
> (954) 893-9800
> (954)893-6704 facsimile
>
> By: _____
> DAVID H. REIMER
> FL BAR NO: 909520