cv-06111-WPD Document 48 Entered on FLSD Docket 02/02/2001 P

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-Civ-Dimitrouleas/Johnson

TURNBERRY CHARTERS, INC.

  Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

  Defendant.
_____/

### DEFENDANT'S MOTION AND MEMORANDUM OF LAW FOR ADDITIONAL ENLARGEMENT OF TIME TO CONDUCT DEPOSITIONS OR, ALTERNATIVELY, TO EXCLUDE EVIDENCE

Defendant International Paper Company, through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6 and Southern District of Florida Local Rule 7.1, move the Court as follows:

### I. INTRODUCTION.

On or about November 30, 1999, Plaintiff filed its Complaint in the United States District Court of the Middle District of Florida, Case No. 99-1498-CIV-ORL-22C. Defendants were served with Plaintiff's Complaint on November 30, 1999. Subsequently, on January 18, 2000 the case was transferred on the basis of venue to this Court.

On May 2, 2000 this Court issued its Order Setting Trial Date and Discovery Deadlines (the "Trial Order"), in which the Discovery Cutoff was set for December 15, 2000. Pursuant to the Trial Order, the parties have been conducting discovery



1

and taking depositions in due course. In the last few months, both parties attempted to serve and depose some relevant non-party witnesses. After both parties experienced difficulties in obtaining service, Defendant obtained service on Friday, December 8, 2000 and noticed with subpoenas three (3) depositions of the following individual/corporate representatives: (1) Corporate Representative of AeroToy Store; (2) Morris Shirazi a/k/a Mayer Shirazipour c/o AeroToy Store; and (3) Corporate Representative of Jet Center Interiors. The depositions were scheduled for Friday December 15, 2000 but the witness(es) failed to appear for deposition. Counsel for the non-party deponent(s) Mr. Bruce Green indicated that he was unable to get in touch with his clients and requested the depositions be rescheduled. Mr. Green indicated that his clients were not attempting to avoid the depositions in bad faith; rather, he was merely unable to get in touch with them to arrange appearance at the scheduled time.

Accordingly, on December 15, 2000, the undersigned counsel filed with this Court a motion for enlargement of time to conduct the non-party depositions and on December 19, 2000, this Court granted Defendant's motion giving the parties until February 1, 2000 to complete the three non-party depositions. (A copy of the Order is attached as Exhibit A).

Unfortunately, the depositions still have not been taken and, due to scheduling conflicts, they remain unscheduled at this time. The inability to complete these depositions is in no way attributable to the Defendant or the Defendant's undersigned counsel. Defense counsel has attempted on numerous

occasions to reschedule the depositions and even set the depositions for January 29, 2001 and again on February 1, 20001. (Copies of the deposition notices are attached as Composite Exhibit B).

Further, undersigned counsel left numerous messages for Mr. Green on January 11th, January 17th, January 19th, January 22nd, January 24th and January 25th each time attempting to schedule the depositions as previously agreed. On January 24, 2001, Mr. Green wrote a letter to the undersigned counsel apologizing for his failure to return calls and explaining that his client has been unavailable and he has been preparing for trial. (See attached Exhibit C).

Today, the final day of the Court's prior extension of time to conduct these depositions, Mr. Green agreed to produce one (1) of the three (3) requested witnesses for deposition on Friday, February 2nd at 3:30 p.m. or on Monday, February 5th at 11:00 a.m. Unfortunately, Plaintiff's counsel David Reimer is unavailable on these dates. Moreover, Mr. Green has also indicated that one of the requested witnesses, Morris Shirazi, is still out of the country. Mr. Green could not confirm when Mr. Shirazi will be returning, but Mr. Green has agreed to produce him for deposition upon his return.[1]

The trial in this matter is set for the two-week docket commencing Monday, March 12, 2001. Both parties, Plaintiff and Defendant have an interest in proceeding to take these depositions and Defendant as made repeated attempts to conduct the depositions.

Defendants request a further enlargement of time – through and including February 23, 2001 – within which to reschedule and complete the depositions of the three (3) previously noticed depositions.

Pursuant to Southern District of Florida Local Rule 7.1, undersigned counsel contacted Plaintiff's counsel and confirmed that Plaintiff's counsel does not oppose the enlargement of time requested in this Motion.

Further, if the Court does not grant the requested enlargement of time, Defendant requests the Court exclude any evidence (documents or testimony) from the non-deposed non-party witnesses at trial. Plaintiff's counsel has refused to stipulate that he will not use these witnesses at trial and opposes any exclusion of evidence. If Defendant is does not complete these depositions prior to trial, Defendant will be unduly prejudiced.

## II.   **MEMORANDUM OF LAW.**

Federal Rule of Civil Procedure 6(b) permits the Court, for cause shown, to enlarge the time period within which an act is required to be done. Where, as here, an enlargement of time is requested within the prescribed period for responding, a discretionary extension of time should be liberally granted absent a showing of bad faith on the part of the movant or undue prejudice to other parties in the action. *See, e.g., United States v. Miller Brothers Construction Company*, 505 F.2d 1031, 1035 (10th Cir. 1974); *National Equipment Rental, Ltd. v. Whitecraft Unlimited,*

---

[1] Defendant does not know when Mr. Shirazi will be available for deposition. If Mr. Shirazi is unavailable prior to February 23, 2001, Defendant will file further appropriate motions with the Court.

4

*Inc.*, 75 F.R.D. 507, 510 (E.D.N.Y. 1977); *Creedon v. Taubman*, 8 F.R.D. 268, 269 (N.D. Ohio 1947).

Here, no prejudice will result to Plaintiff if this enlargement of time is granted and, indeed, Plaintiff's counsel does not oppose the requested enlargement. The enlargement of time requested in this motion is sought for good cause and not for purposes of delay.

### III. CONCLUSION.

WHEREFORE, Defendant International Paper Company requests that the Court enter an Order enlarging the deadline for Defendant to complete the depositions of (1) the Corporate Representative of AeroToy Store, (2) Morris Shirazi, and (3) the Corporate Representative of Jet Center Interiors, through and including February 23, 2001. Alternatively, if the Court does not grant the requested enlargement of time, Defendant requests the Court exclude any evidence at trial regarding these non-party witnesses. Pursuant to Southern District of Florida Local Rule 7.1, a proposed Order has been submitted at Tab "1" to this Motion.

        HOLLAND & KNIGHT LLP
        Attorneys for Defendant
        One East Broward Boulevard, Suite 1300
        Post Office Box 14070
        Fort Lauderdale, Florida 33302-4070
        (954) 525-1000 - phone
        (954) 463-2030 - fax
        hkeith@hklaw.com - email

By: *[signature]*
     Heather C. Keith
     Florida Bar No. 905690

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 1st day of February 2001, a true and correct copy of the foregoing has been furnished via fax and U.S. Mail to: David H. Reimer, Attorney for Plaintiff, Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, Florida 33021.

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Boulevard, Suite 1300
Post Office Box 14070
Fort Lauderdale, Florida 33302-4070
(954) 525-1000 - phone
(954) 463-2030 - fax
hkeith@hklaw.com - email

By: *[signature]*
Heather C. Keith
Florida Bar No. 905690

FTL1 #528081 v1

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-DIMITROULEAS

TURNBERRY CHARTERS, INC.,

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY,

    Defendant.

_____/

FILED by _____ D.C.

DEC 1 9 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### ORDER

THIS CAUSE is before the Court upon Defendant, International Paper Company's Motion for Enlargement of Time to Conduct Depositions, or Alternatively, to Exclude Evidence, filed herein on December 15, 2000. The Court notes that Defendant fail to comply with Southern District of Florida, Local Rules 7.1.A.2[1] and 7.1.A.4. The Court has carefully considered the motion and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Enlargement of Time is hereby **GRANTED**. The parties shall have until February 1, 2000 to complete the three depositions. The Court notes that no other deadlines shall be affected by this Order; and

---

[1] Local Rule 7.1.A.2 states that all motions shall be accompanied by a proposed order. Local Rule 7.1.A.4 states: Every motion when filed shall also be accompanied by stamped, **addressed envelopes for each party entitled to notice of the Order when issued by the Judge.** The Court notes that attorneys who practice in the Southern District of Florida are charged with knowing and complying with the local rules.



EXHIBIT "A"

2. Defendant's Motion to Exclude Evidence is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this ___ day of December, 2000.

_____
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

David Harris Reimer, Esq.
Richard C. Hutchison, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____/

**NIGHT BOX**
**FILED**

'JAN 1 9 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### FIRST RE-NOTICE OF TAKING DEPOSITIONS DUCES TECUM

TO:  David H. Reimer
     Reimer & Rosenthal, LLP
     3801 Hollywood Blvd., Suite #350
     Hollywood, FL 33021

PLEASE TAKE NOTICE that Defendant will take the deposition of the following person on the date, time and at the location specified.

| Name: | Location/Date/Time: |
|---|---|
| Corporate Representative<br>Aero Toy Store | Holland & Knight LLP<br>1 East Broward Blvd., #1300<br>Ft. Lauderdale, FL 33301<br><br>January 29, 2001 at 10:00 a.m. |
| Morris Shirazi<br>a/k/a Mayer Shirazipour | 1:00 p.m. – January 29, 2001 |
| Corporate Representative<br>Jet Center Interiors | 3:00 p.m. – January 29, 2001 |

upon oral examination, before Spherion Court Reporting, or any other officer duly authorized to administer oaths by the laws of the State of Florida. The deposition


EXHIBIT "B"

will continue from hour to hour and from day to day until completed. The deposition is being taken for the purpose of discovery, and for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for International Paper
One East Broward Blvd., Suite #1300
Ft. Lauderdale, FL 33301
Telephone (954) 525-1000
Fax (954) 463-2030

By: _____
Richard C. Hutchison
Florida Bar No. 709360

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail to Plaintiff's counsel David H. Reimer at Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, FL 33021 on this ___ day of January, 2001.

By: _____
Richard C. Hutchison
Florida Bar No. 709360

cc:   Spherion Court Reporting

FTL1 #526428 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY_____ D C
2001 JAN 24 PM 3: 10
CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.
_____/

### SECOND RE-NOTICE OF TAKING DEPOSITIONS DUCES TECUM

TO:   David H. Reimer
Reimer & Rosenthal, LLP
3801 Hollywood Blvd., Suite #350
Hollywood, FL 33021

PLEASE TAKE NOTICE that Defendant will take the deposition of the following person on the date, time and at the location specified.

| Name: | Location/Date/Time: |
|---|---|
| Morris Shirazi a/k/a **Mayer Shirazipour** | **Holland & Knight LLP** **1 East Broward Boulevard** **Suite 1300** **Ft. Lauderdale, Florida** 10:00 a.m. – February 1, 2001 |
| **Corporate Representative** **Jet Center Interiors** | 10:30 a.m. – February 1, 2001 |
| **Corporate Representative** **Aero Toy Store** | 11:00 a.m. – February 1, 2001 |

upon oral examination, before Spherion Court Reporting, or any other officer duly authorized to administer oaths by the laws of the State of Florida. The deposition will continue from hour to hour and from day to day until completed. The deposition is being taken for the purpose of discovery, and for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.

>                    Respectfully submitted,
>
>                    HOLLAND & KNIGHT LLP
>                    Attorneys for International Paper
>                    One East Broward Blvd., Suite #1300
>                    Ft. Lauderdale, FL 33301
>                    Telephone (954) 525-1000
>                    Fax (954) 463-2030
>
>                    By: _____
>                        Richard C. Hutchison
>                        Florida Bar No. 709360

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail to Plaintiff's counsel David H. Reimer at Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, FL 33021 on this ___ day of January, 2001.

>                    By: _____
>                        Richard C. Hutchison
>                        Florida Bar No. 709360

cc:   Spherion Court Reporting

FTL1 #526929 v1

LAW OFFICES OF

# Bruce D. Green, P.A.

BRUCE D GREEN
BOARD CERTIFIED AVIATION LAWYER

VIA FACSIMILE

January 24, 2001

Heather C. Keith, Esq.
Holland and Knight
Post Office Box 4070
Fort Lauderdale, FL 33302-4070

Re: Turnberry Charters, Inc.
vs. International Paper Co.

Dear Ms. Keith:

I am in receipt of your Notice of Intent to serve Subpoena for Depositions, scheduling the depositions in this matter for January 29, 2001.

Please be advised that neither I nor my client are available on that date. I am on standby for trial on Jan 29, and am advised that my case will most likely be called to begin on that date.

In addition, Mr. Shirazi is currently out of the country and as such is not available to attend depositions on January 29.

It is my understanding that you wish to leave the subpoena with my secretary, or with me, however, I am not authorized to accept same in light of the fact that I have not been able to speak with my client in this regard.

I apologize for not getting back to you prior to today, however, as you can understand, I have been in trial preparation as I need to be ready for trial on Monday.

I will speak with my client in this regard once I have finished my trial and he has returned to Florida.

Very truly yours,

Bruce David Green

BDG:jdf



EXHIBIT "C"

600 SOUTH ANDREWS AVENUE · SUITE 400 · FORT LAUDERDALE, FLORIDA 33301
TELEPHONE (954) 522-8554 FAX (954) 522-8555