UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____ /

**NIGHT BOX**
**FILED** ~ ·-

FEB - 2 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### INTERNATIONAL PAPER'S MOTION TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S ALLEGED DAMAGES OR, ALTERNATIVELY, TO STRIKE PLAINTIFF'S CLAIMS FOR DAMAGES FOR VIOLATING THIS COURT'S JANUARY 11, 2001 ORDER

Defendant, International Paper Company ("IP"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, and other applicable federal law, hereby moves to preclude Plaintiff Turnberry Charters, Inc. ("Turnberry") from proffering any evidence at trial regarding its alleged damages, or, in the alternative, to strike plaintiff's claim for damages for violating this Court's January 11, 2001, Order to re-designate and produce for deposition a corporate representative to testify regarding plaintiff's alleged damages.

### *FACTUAL AND PROCEDURAL HISTORY*

Since September, 2000, undersigned counsel has made numerous requests to schedule the deposition of plaintiff's corporate representative, cancelled several scheduled deposition dates, and took the deposition of a corporate representative pursuant to Rule 30(b)(6) who had <u>no</u> knowledge of the plaintiff's alleged damages.

Unfortunately, undersigned counsel was forced to seek this Court's intervention by filing a motion to preclude evidence regarding plaintiff's alleged damages, or alternatively, to compel plaintiff to re-designate a Rule 30(b)(6) corporate representative who will testify as to damages. (Exhibit A). This Court granted that motion in part and denied in part without prejudice on January 11, 2001. (Exhibit B). Magistrate Judge Johnson held, in part, the following:

> Defendant's motion to the extent it seeks an order precluding evidence from trial is denied without prejudice and with leave to renew said request should it be appropriate with Judge Dimitrouleas, as the undersigned has no authority to grant the relief requested. Defendant's motion to the extent it seeks an order compelling Plaintiff to re-designate a Rule 30(b)(6) witness to testify as to damages is granted. Plaintiff's counsel is ordered to confer with Defendant's counsel within two days from the date hereof and agree upon a mutually acceptable date within which to depose said re-designated witness. Deposition of said re-designated witness shall take place within seven days from the date of this order.[1]

On January 17, 2001, plaintiff's counsel provided dates on which to take the subject deposition. On that same day, undersigned counsel selected one of the dates provided by plaintiff's counsel, January 24, 2001 at 1:00 p.m., and confirmed via facsimile that the deposition would be taken that day (Exhibit D). Additionally, on January 19, undersigned sent a re-notice of deposition, again confirming the January 24th deposition (Exhibit E). However, on January 24, plaintiff's counsel

---

[1] Although this Order was signed on January 11, 2001, it was not filed and faxed to undersigned counsel until January 16, 2001, who in turn faxed it to plaintiff's counsel on the same day. (Exhibit C).

2

called to request that the deposition be rescheduled due to the witness', Dennis Lainey's, unavailability.

In order to once again accommodate the plaintiff, undersigned counsel agreed to reschedule the deposition to January 30th, even though it was now to be taken outside of the seven-day time frame required by Magistrate Johnson's Order. (Exhibit F).

On January 30th, undersigned counsel received a facsimile from plaintiff's counsel stating that it was plaintiff's intention to now produce two witnesses, Mr. Lainey and another unnamed individual, and that the deposition would need to be postponed again. (Exhibit G).[2] Plaintiff's counsel further explained that he was still trying to contact his client to confirm the identity of the second person, but was unable to do so.

It is important to note that the plaintiff was under Judge Dimitrouleas' January 18[th,] Order to file a response to IP's motion for summary judgment by January 25th. This is significant because IP's reply is due on Friday, February 2nd. In addition to liability, IP moved for partial summary judgment as to the plaintiff's claim for damages. Consequently, the testimony elicited during the subject deposition is significant to, and would have most certainly been incorporated in, IP's Reply.

---

[2] On January 29th, Robin Burks, undersigned's secretary, personally spoke with plaintiff's counsel and confirmed the January 30th deposition. At no time, did plaintiff's counsel inform her that there would be two witnesses or that the deposition may not go forward.

Accordingly, undersigned counsel immediately responded to plaintiff's counsel's letter, refusing to once again reschedule the deposition, stating the reasons noted above.[3] (Exhibit H). Nevertheless, plaintiff's counsel informed undersigned that the deposition was not going to go forward. No witness, not even Mr. Lainey, showed for the 1:00 p.m. deposition, and, therefore, a certificate of nonappearance was issued. (Exhibit I).

As a result, the plaintiff is in direct violation of Magistrate Judge Johnson's Order. Accordingly, this Court should preclude Turnberry from attempting to proffer any damage evidence at trial. Alternatively, the Court should strike plaintiff's claim for damages.

### *LEGAL ARGUMENT*

### POINT I

### TURNBERRY SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE AT TRIAL REGARDING ITS ALLEGED DAMAGES

Unquestionably, this Court possesses authority to sanction Turnberry for its failure to comply with IP's discovery requests.[4] *See Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126-27 (S.D. Fla. 1987) (stating that regulating litigation by sanctioning litigants for abusive practices is an inherent power of the district courts

---

[3] In addition, as of Tuesday, January 30th, undersigned counsel had not received a copy of the plaintiff's response to IP's motion for summary judgment from the plaintiff's counsel. Although he was informed of this, he has yet to provide a copy; however, undersigned did obtain a copy from the Court and will file a timely reply to plaintiff's motion for summary judgment.

[4] This extraordinary power, derives not only from Rule 37 of the Federal Rules of Civil Procedure, but from "the inherent power to regulate litigation and to sanction litigants for abusive practices." *Telectron*, 116 F.R.D. at 126, 128; *see also Banco Latino*, 53 F. Supp.2d at 1277 (acknowledging that a court's sanctioning powers extend beyond the Rules of Civil Procedure).

4

and entering default judgment as to liability against defendant as sanction for defendant's destruction of documents responsive to plaintiff's request for production); *see also Banco Latino, S.A.C.A. v. Lopez*, 53 F. Supp.2d 1273, 1277 (S.D. Fla. 1999) (describing the district courts' power to sanction litigants as "broader and more flexible than the authority to sanction found in the Federal Rules of Civil Procedure,") ; *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 485-86 (S.D. Fla. 1984) (stating that Rule 37 sanctions are necessary because, "the Court must be able to enforce its orders and to maintain control over discovery,")

This sanctioning power certainly includes the right to preclude a party from proffering evidence at trial for violation of a court order. *See* Fed. R. Civ. P. 37(b)(2)(B); *see also, e.g. Reilly v. Natwest Markets Gr., Inc.*, 181 F.3d 253 (2d Cir. 1999) (affirming the trial court's order precluding testimony of a witness at trial due to the litigant's failure to comply with Rule 30(b)(6), as well as the judge's order regarding completion of discovery); *In re TMI Litigation*, 193 F.3d 613, 722 (3d Cir. 1999) (acknowledging that a District Court has the authority to preclude evidence at trial as a sanction for a litigant's violation of a court's order; and such preclusion will not be disturbed on appeal without showing a clear abuse of discretion); *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985) (affirming the District Court's preclusion of plaintiff's evidence at trial for violation of the Court's pretrial order concering discovery under Rule 37); *Jones v. Lousiana State Bar Ass'n*, 602 F.2d 94, 97 (5th Cir. 1979) (recognizing a District Court's right under Rule 37 to preclude a party from proffering evidence at trial for violating a court order).

5

Here, Turnberry willfully violated this court's Order-which was issued due to plaintiff's intentional failure to cooperate in discovery. Accordingly, this Court should sanction Turnberry pursuant to Rules 37(b) by precluding it from proffering any evidence at trial relating to damages.

**POINT II**

**TURNBERRY'S CLAIM FOR DAMAGES SHOULD BE STRICKEN**

In addition to precluding evidence at trial, Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter "[a]n order striking out pleadings or parts thereof . . .or dismissing the action or proceeding or any part thereof," for disobeying a discovery order. *See id.; see also U.S. v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, (9th Cir. 1988) (affirming, under Rule 37(b)(2)(C), the district court's dismissal of the defendant's counterclaim because defendant had violated the court's discovery order). If the Court's order strikes only part of a pleading, there must be a sufficient nexus between the litigant's misconduct and that part of the pleading the Court strikes. *See id.* at 602.

Turnberry's refusal to tender a witness for deposition is in violation of this Court's January 11, 2001 Order (Exhibit B). Thus, the more appropriate sanction under Rule 37 is to strike Turnberry's claim for damages or to dismiss those claims. *See Jaffee v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986) (affirming the District Court's order striking plaintiff's answer and defenses to a counterclaim as a Rule 37(b) sanction for plaintiff's refusal to comply with discovery orders); *U.S. v. One Lot of U.S. Currency Totalling $506,537.00*, 628 F.Supp. 1473, 1477 (S.D. Fla. 1986)

6

(sanctioning claimant who failed to appear at deposition by dismissing his claim); *U.S. v. $239,500 in U.S. Currency*, 764 F.2d 771 (11th Cir. 1985) (affirming the District Court's dismissal of appellant's claims because the appellant failed to appear at deposition as ordered); *also Properties Int'l Ltd. v. Turner*, 706 F.2d 308 (11th Cir. 1983)(affirming the District Court's dismissal of plaintiff's case and striking of plaintiff's answer to third party complaint as Rule 37(b) sanctions for violating discovery orders).

Furthermore, the Court should strike Turnberry's claims for damages because there is a direct and significant nexus between Turnberry's violation of the Court's January 11, 2001 Order directing Turnberry to provide a corporate witness for deposition and Turnberry's claims for damages. See *U.S. v. Kahaluu Constr. Co., Inc.,* 857 F.2d at 602 (requiring a substantial nexus between the court order violated and stricken pleading).

### *CONCLUSION*

**WHEREFORE**, IP respectfully requests that this Court enter an Order preventing Turnberry from presenting at trial any evidence relating to its purported damages. In the alternative, IP requests that the Court enter an Order striking

Turnberry's claims for damages, or for whatever other sanctions this Court deems appropriate.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for International Paper
One East Broward Boulevard, 13th Floor
P.O. Box 14070
Fort Lauderdale, FL 33302-4070
Tel: (954) 525-1000
Fax:(954) 463-2030

By: _____
Richard C. Hutchison
Florida Bar No. 709360
Paul H. Minoff
Florida Bar No. 0182079

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 2nd day of February, 2001, a true and correct copy of the foregoing has been furnished via U.S. Mail to: David H. Reimer, Attorney for Plaintiff, Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, Florida 33021.

HOLLAND & KNIGHT LLP

By: _____
Richard C. Hutchison
Florida Bar No. 709360

FTL1 #527932 v1

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____ /



## DEFENDANT'S MOTION TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S ALLEGED DAMAGES, OR ALTERNATIVELY, TO COMPEL PLAINTIFF TO RE-DESIGNATE A RULE 30(b)(6) WITNESS TO TESTIFY AS TO DAMAGES AND INCORPORATED MEMORANDUM OF LAW

Defendant, International Paper Company ("IP"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, and other applicable federal law, hereby moves to preclude Plaintiff Turnberry Charters, Inc. ("Turnberry") from proffering any evidence at trial regarding its alleged damages, or in the alternative, to compel Plaintiff to re-designate a Rule 30(b)(6) corporate representative who will testify as such at deposition.

### *BACKGROUND*

It is now well over one year since Turnberry filed its complaint in this case, and less than *one week* before pre-trial discovery must be completed. Notwithstanding either, Turnberry, has failed and refused to produce a corporate representative to testify regarding Turnberry's alleged damages, despite several requests for same by IP. Such lack of cooperation is nothing more than an attempt



EXHIBIT
"A"

by Turnberry to unduly and unfairly prejudice IP. As such, this Court should preclude Turnberry from attempting to proffer any damage evidence at trial. Alternatively, Turnberry should be compelled to re-designate a corporate representative to testify at deposition without delay.

## *STATEMENT OF FACTS*

On May 2, 2000, this Court entered an Order, providing, *inter alia*, that all pre-trial discovery was to be completed by December 15, 2000 ("May 2 Order"). *See* May 2 Order, attached hereto as Exhibit 1. Following entrance of the May 2 Order, counsel for the parties began to discuss the taking of depositions. During those discussions, undersigned counsel expressed a desire to take the deposition of Turnberry's corporate representative, pursuant to Fed. R. Civ. P. ("Rule") 30(b)(6).

Finally, after numerous demands by undersigned counsel, and several cancelled deposition dates,[1] Turnberry agreed to produce a Rule 30(b)(6) witness on October 5, 2000. Accordingly, the undersigned served a Re-Notice of Taking 30(b)(6) Deposition on September 13, 2000. A copy of this Re-Notice is attached hereto as Exhibit 2. Included in this Re-Notice were eleven enumerated "Areas of Examination" to be pursued during the deposition, including: "2. All documents and facts supporting Plaintiffs' claim for damages in this lawsuit." *See* Exhibit 2.

---

[1] Initially, on August 9, 2000, undersigned served a Notice of Taking 30(b)(6) Deposition on Turnberry's counsel, David Reimer. A week later, the Rule 30(b)(6) deposition was rescheduled for September 12, 2000. However, due to scheduling conflicts, and at Mr. Reimer's insistence, the 30(b)(6) deposition did not take place as rescheduled.

2

On October 5, 2000, Turnberry produced Larry Milo Aitkens as its 30(b)(6)

witness. *See* Deposition of Larry Milo Aitkens, October 5, 2000 ("Aitkens Dep."), pp.

21:1 to 22:1. When the undersigned attempted to query Mr. Aitkens about

Turnberry's alleged damages, Mr. Aitkens could provide ***absolutely no***

***information***.[2] The following exchange evidences Mr. Aitkens' lack of knowledge:

> Q:  [W]hat damages are the plaintiff claiming in this case?
> A:  I don't know.
> Q:  [W]hat expenses or damages are the plaintiffs alleging in paragraph 26?
> A:  I don't know.
>
>                 \*      \*      \*
>
> Q:  Do you know? You are here to testify on behalf of the plaintiff, either you know or you don't know.
> A:  I don't know.
> Q;  [D]o you know what damages the plaintiffs are claiming in this case as alleged in Count II, paragraphs 30 and 31?
> A:  No, I don't.
> Q:  [D]o you know what damages the plaintiffs are alleging as a result of Count III in this case?
> A:  No, I don't.

Aitkens Dep., pp. 64:22 to 65:2; 65:11-24.

Since Mr. Aitkens' deposition, the undersigned has requested of Mr. Reimer,

on several occasions, both orally and in writing, that Turnberry produce a corporate

representative to testify about damages. *See* attached Composite Exhibit 3,

containing two such letters from IP's counsel to Mr. Reimer.

---

[2] Not only could Mr. Aitkens not testify about damages, he could barely testify as to *any* of the eleven "Areas of Examination" designated in both the First and Third Notices. Indeed, Mr. Aitkens: (a) never read Turnberry's complaint; (b) never discussed the deposition with anyone at Turnberry, except for a fellow Turnberry employee, and that conversation was limited to that fact that Mr. Aitkens was being deposed; (c) only met with Turnberry's counsel for an hour and a half; and (d) did not review any documents in preparation for his deposition. *See* Aitkens Dep., pp. 22:8 to 24:15; 28:7 to 29:4.

Despite IP's requests and Mr. Reimer's obligation to do such, no corporate representative (or any witness for that matter) has ever been produced by Turnberry to testify regarding its alleged damages. To date, less than one week remains until the December 15, 2000 discovery cut-off, and no damages witness has been disclosed.

Since Turnberry has not produced a witness to detail and document its claimed damages, IP will be deprived of its right to be prepared to respond to such at trial. Therefore, Turnberry should be precluded from presenting any evidence at trial regarding damages; or alternatively, Turnberry should be compelled to re-designate a Rule 30(b)(6) witness to testify about damages, in order to avoid unfair surprise at trial.

### *LEGAL ARGUMENT*

#### POINT I

### TURNBERRY SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE AT TRIAL REGARDING ITS ALLEGED DAMAGES

Unquestionably, this Court possesses authority to sanction Turnberry for its failure to comply with IP's discovery requests.[3] *See Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126-27 (S.D. Fla. 1987); *see also Banco Latino, S.A.C.A. v. Lopez*, 53 F. Supp.2d 1273, 1277 (S.D. Fla. 1999); *Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 485-86 (S.D. Fla. 1984).

---

[3] This extraordinary power, derives not only from Rule 37 of the Federal Rules of Civil Procedure, but from "the inherent power to regulate litigation and to sanction litigants for abusive practices." *Telectron*, 116 F.R.D. at 126, 128; *see also Banco Latino*, 53 F. Supp.2d at 1277 (acknowledging that a court's sanctioning powers extend beyond the Rules of Civil Procedure).

4

A district court's sanctioning power, necessarily includes the ability to preclude a party from proffering evidence at trial. *See* Fed. R. Civ. P. 37(d), (b)(2)(B)[4]; *see also, e.g. Dale v. General Motors Corp.*, 109 F. Supp.2d 1376, 1384-85 (N.D. Ga. 1999); *Carney v. KMart Corp.*, 176 F.R.D. 227, 229 (S.D. W. Va. 1997).

Here, Turnberry: (a) delivered a totally unprepared corporate representative to testify about damages; and (b) has otherwise completely ignored IP's requests for production of a witness to testify as to damages.    Such behavior certainly constitutes a failure to attend deposition under Rule 37(d), and will undoubtedly work a substantial prejudice against IP at trial.    Accordingly, this Court should sanction Turnberry pursuant to Rules 37(d) and (b)(2)(B), by precluding it from proffering any evidence at trial relating to damages.

## POINT II

### TURNBERRY SHOULD BE COMPELLED TO RE-DESIGNATE A RULE 30(B)(6) WITNESS TO TESTIFY REGARDING DAMAGES

If the Court decides to permit Turnberry to present damage evidence at trial, this Court should, therefore, compel Turnberry to re-designate a Rule 30(b)(6) witness, with knowledge of such purported damages.

---

[4] Turnberry's conduct in producing a corporate representative completely unprepared to testify regarding damages, equates to Turnberry's failure to produce a deponent, in contravention of Rule 37(d). *See King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995); *see also Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 150-51 (S.D.N.Y. 1997); *United States v. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996) (finding that "[p]roducing an unprepared witness is tantamount to a failure to appear"). Thus, this Court may properly sanction Turnberry under Rule 37(b)(2)(B). *See* Fed. R. Civ. P. 37(d); *see also id.*

### A.   Turnberry Flagrantly Disregarded Its Obligations Under Rule 30(b)(6) by Failing to Provide a Knowledgeable Witness

In the case of *King v. Pratt & Whitney,* the Southern District of Florida

outlined the obligations of a responding corporation under Rule 30(b)(6). 161 F.R.D.

475 (S.D. Fla. 1995). There, the court wrote:

> 1) Rule 30(b)(6) obligates the responding corporation to
> provide a witness who can answer questions regarding
> the subject matter listed in the notice. 2) If the
> designated deponent cannot answer those questions, then
> the corporation has failed to comply with its Rule 30(b)(6)
> obligations and may be subject to sanctions, etc. **The
> corporation has an affirmative duty to produce a
> representative who can answer questions that are
> both within the scope of the matters described in
> the notice and are 'known or reasonably available'
> to the corporation.** Rule 30(b)(6) delineates this
> affirmative duty. \* \* \* *Id.* at 476 (emphasis supplied).

Aside from its initial duty to prepare the witness, the designating entity faces

another duty when the designated deponent proves deficient during the deposition,

namely, to immediately produce a substitute deponent with knowledge of the

information sought. *See Alexander v. F.B.I.,* 186 F.R.D. 148, 152 (D.D.C. 1999); *see

also Dravo Corp. v. Liberty Mut. Ins. Co.,* 164 F.R.D. 70 (D. Neb. 1995).

*Sub judice,* Turnberry violated both of its Rule 30(b)(6) duties. Namely, it

failed to produce a witness who could testify about damages (*see* Aitkens Dep., pp.

64:22 to 65:2; 65:11-24); and it failed to immediately (or even within a reasonable

time) provide a substitute deponent with knowledge thereon.

The disavowal of Turnberry's duties, eviscerates the letter and spirit of Rule

30(b)(6) and renders Mr. Aitkens' deposition useless. *See e.g., Alexander,* 186 F.R.D.

6

at 151; *Bank of New York*, 171 F.R.D. at 151 (finding that the corporation's failure to prepare the deponent rendered his testimony worthless). In effect, Turnberry unjustifiably deprived IP of its right and ability to gain pertinent and relevant information and completely wasted IP's time and resources in conducting Mr. Aitkens' deposition.

This callous disregard for the rules of civil procedure and the rights of IP, permits this Court to compel Turnberry, pursuant to Rule 37(a), to re-designate a corporate representative to testify about damages, without delay.

## *CONCLUSION*

**WHEREFORE**, IP respectfully requests that this Court enter an Order preventing Turnberry from presenting at trial any evidence relating to its purported damages. In the alternative, IP requests that the Court enter an Order compelling Turnberry to re-designate, without delay, a Rule 30(b)(6) witness to testify at deposition regarding Turnberry's claimed damages.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for International Paper
One East Broward Boulevard, 13th Floor
P.O. Box 14070
Fort Lauderdale, FL 33302-4070
Tel: (954) 525-1000
Fax:(954) 463-2030

By: _____

Richard C. Hutchison
Florida Bar No. 709360
Paul H. Minoff
Florida Bar No. 0182079

7

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this ___8___ day of December, 2000, a true and
correct copy of the foregoing has been furnished via facsimile and U.S. Mail to:
David H. Reimer, Attorney for Plaintiff, Reimer & Rosenthal, LLP, 3801 Hollywood
Blvd., Suite #350, Hollywood, Florida 33021.

HOLLAND & KNIGHT LLP

By: _____

Richard C. Hutchison
Florida Bar No. 709360

FTL1 #520636 v2

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-DIMITROULEAS

TURNBERRY CHARTERS, INC.,

Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY,

Defendant.

_____/

Magistrate Judge Johnson

FILED by _____ D.C.

MAY 0 2 ....

CL/RENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS TO UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court upon receipt of the parties' joint scheduling report.

It is thereupon, **ORDERED AND ADJUDGED** as follows:

### Trial Date & Location

1. This case is set for trial on the two-week calendar commencing Monday, March 12,

2001. Counsel for all parties shall appear at a calendar call commencing at 10:00 o'clock A.M.

on Friday, March 9, 2001. Unless instructed otherwise by subsequent order, the trial and all

other proceedings in this case shall be conducted in Courtroom 203E at the U.S. Courthouse, 299

E. Broward Boulevard, Ft. Lauderdale, Florida.

### Motion Practice

2. Every motion filed in this case shall be accompanied by one proposed original order

granting the motion. The order shall contain an up-to-date service list of all attorneys in the case

and shall include stamped envelopes addressed to each attorney on the service list.



EXHIBIT
1

## Pretrial Schedule

3. Pretrial discovery shall be conducted in accordance with Local Rules 16.1 and 26.1 and the Federal Rules of Civil Procedure. No pretrial conference shall be held in this action, unless the Court determines, *sua sponte*, that a pretrial conference is necessary. In setting the following deadlines, the Court has considered the parties' suggested discovery schedule. Dates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order. To the extent this Order conflicts with the Local Rules, this Order supercedes the Local Rules.

| | |
|---|---|
| Rule 14, 19 Motions | – October 13, 2000 |
| Rule 15(a), (d) Motions | – November 10, 2000 |
| Discovery Cutoff | – December 15, 2000 |
| Substantive Pretrial Motions | – December 22, 2000 |
| Mediation Cutoff | – 60 days before calendar call (Jun 9, 2001) |
| Mandatory Pretrial Stipulation | – February 23, 2001 |
| Motions in Limine | – February 23, 2001 |
| Responses to Motions in Limine | – March 2, 2001 |
| Jury Instructions | – March 2, 2001 |
| Proposed Findings & Conclusions | – March 2, 2001 |
| Voir Dire Questions | – Calendar call |
| Exhibit List for Court | – First day of Trial (impeachment excepted) |
| Witness List for Court | – First day of Trial (impeachment excepted) |

2

## Mandatory Pretrial Stipulation

4. Counsel must meet at least one month prior to the beginning of the trial period to confer on the preparation of a Pretrial Stipulation in accordance with Local Rule 16.1E. A Pretrial Stipulation lacking substance will not be accepted. Any party causing a unilateral pretrial stipulation to be filed will be required to show cause why sanctions should not be imposed. Each attorney and each self-represented party is charged with the duty of complying with this Order. A motion for continuance shall not stay the requirement for the filing of the Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the calendar call. Failure to comply with the time schedule may result in dismissal or other sanctions.

## Consent Jurisdiction

5. In light of the benefits offered by a trial before a magistrate judge, e.g., trial on a date certain as opposed to placement on a trial calendar, the parties are urged to consider this option. Therefore, within twenty (20) days of the entry of this order each attorney is ordered to meet with his/her client and discuss this option. At the end of the twenty-day period, each party shall file a separate pleading indicating: (1) that they have met and discussed magistrate jurisdiction and (2) unequivocally setting forth their position (yes or no) on magistrate consent jurisdiction. Plaintiff's counsel shall monitor this process. If there is not unanimity in favor of magistrate jurisdiction, plaintiff's counsel need do nothing further. If, however, there is unanimity in favor of magistrate jurisdiction, plaintiff's counsel shall execute the form (enclosed with the copy of this order sent to plaintiff's counsel) entitled "Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge," and forward the original, executed form to defendants' counsel. After completion by all defendants or their counsel, the original form

should be forwarded to the Clerk of the Court, Fort Lauderdale Division.

## Mediation

6. Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, this case is referred to mediation as follows:

a. The mediation shall be completed sixty (60) days prior to the scheduled calendar call;

b. The parties shall, within sixty (60) days hereof, agree upon a mediator and advise the Clerk's office of their choice, failing which the Clerk will designate a mediator from the list of certified mediators on a blind random basis;

c. Plaintiff's counsel shall be responsible for coordinating the mediation conference date and location agreeable to the mediator and all counsel of record;

d. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating who attended the mediation and the result thereof.

## Discovery Referred to Magistrate Judge

7. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Linnea R. Johnson for appropriate disposition of all pretrial discovery motions, and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates. The parties or their counsel shall send a copy of all relevant pleadings and filings directly to Magistrate Judge Johnson when they are filed with the Clerk of the Court (Judge Johnson's chambers are located at the United States Courthouse, 701 Clematis Street,

4

West Palm Beach, Florida 33401.).

## Exhibits

8. Exhibits must be pre-marked and exchanged prior to execution of the Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

## Jury Instructions and Proposed Findings of Fact and Conclusions of Law

9. In cases tried before a jury, each party shall submit joint, stipulated proposed jury instructions and a joint, stipulated proposed verdict form in hard copy form and on 3.5" diskette. All requested instructions shall be typed on a separate page, and except for Eleventh Circuit Pattern instructions, must be supported by citations of authority. Any objections to the proposed instructions shall be stated clearly and concisely and also shall be supported by citations of authority.

In cases tried before the Court, each party shall file proposed Findings of Fact & Conclusions of Law in hard copy form and on 3.5" diskette. Proposed Conclusions of Law must be supported by citations of authority.

## Settlement

10. If a case is settled, counsel are directed to inform the Court promptly at (954) 769-5650 and to submit an appropriate stipulation Order for Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such an Order must be filed within ten (10) days of notification of the Court.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _____ day of

May, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

5

Copies furnished to:

Magistrate Judge Linnea R. Johnson (WPB)

David Reimer, Esq.
Richard Hutchison, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

'SEP 1 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

Defendant.

_____/

## RE- NOTICE OF TAKING 30(b)(6) DEPOSITION OF
## PLAINTIFF'S CORPORATE REPRESENTATIVE(S)

TO:   David H. Reimer
      Reimer & Rosenthal, LLP
      3801 Hollywood Blvd., Suite #350
      Hollywood, FL 33021

PLEASE TAKE NOTICE Defendant will take the deposition, pursuant to

Federal Rules of Civil Procedure 30(b)(6), of the following Corporate

Representative(s) on the date, time and at the location specified.

Name:                                    Location/Date/Time:

**Corporate Representative(s) of**       **Reimer & Rosenthal, LLP**
**Turnberry Charters, Inc., a**          **3801 Hollywood Blvd., #350**
**Florida corporation**                  **Hollywood, FL 33021**

                                         **October 5, 2000 at 9:00 a.m.**

upon oral examination, before Interim Court Reporting, or any other officer duly

authorized to administer oaths by the laws of the State of Florida. The deposition

will continue from hour to hour and from day to day until completed. The



EXHIBIT

2

deposition is being taken for the purpose of discovery, and for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules.    The Plaintiff is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf on each matter listed below.

### Areas of Examination

1.    All facts supporting all allegations contained in the Plaintiff's Complaint.

2.    All documents and facts supporting Plaintiffs' claim for damages in this lawsuit.

3.    All documents, photographs, videotapes and communications (oral and written) regarding the attempted purchase of the subject aircraft from Defendant.

4.    All documents, photographs, videotapes and communications (oral and written) regarding the purchase of the subject aircraft from Aero Toy Store, Inc.

5.    All communications (written or oral) between Plaintiff and Defendant, or its representatives, regarding the subject aircraft and allegations in the Complaint.

6.    All communications (written or oral) between Plaintiff and Aero Toy Store, Inc. regarding the subject aircraft.

7.    All photographs and/or videos depicting the subject aircraft, including, but not limited to, any and all photographs/videos taken prior to Plaintiff's purchase and after Plaintiff's purchase.

8. All changes, improvements or repairs made to the subject aircraft after January 1999, and documents relating thereto.

9. Any purchase(s) or sale(s) by Plaintiff of any other aircraft from 1995 to the present.

10. All documents, reports, photographs or other evidence of inspections regarding the aircraft at issue in the Complaint.

11. All documents regarding the retention of individual(s) to assist in the attempted purchase of the subject aircraft including, but not limited to, any consultants, independent contractors and/or other authorized representatives.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Blvd., Suite #1300
Ft. Lauderdale, FL 33301
Telephone (954) 525-1000
Fax (954) 463-2030

By: _____
Richard C. Hutchison
Florida Bar No. 709360
Email – rhutchison@hklaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by fax and US Mail to Plaintiff's counsel David H. Reimer at Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, FL 33021 on this 13ᵗʰ day of September, 2000.

_____
By: Richard C. Hutchison
Florida Bar No. 709360

cc:  Interim Court Reporting

FTL1 #508279 v1

One East Broward Boulevard, Suite 1300
P.O. Box 14070 (ZIP 33302-4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
www.hklaw.com

| | |
|---|---|
| Boston | Orlando |
| Bradenton | Providence |
| Chicago | St Petersburg |
| Fort Lauderdale | San Antonio |
| Jacksonville | San Francisco |
| Lakeland | Seattle |
| Los Angeles | Tallahassee |
| Melbourne | Tampa |
| Miami | Washington, D.C. |
| New York | West Palm Beach |

International Offices:
| | |
|---|---|
| Buenos Aires* | Tel Aviv* |
| Mexico City | Tokyo |
| *Representative Offices | |

November 21, 2000

## VIA FACSIMILE & U.S. MAIL

David H. Reimer
Reimer & Rosenthal, LLP
3801 Hollywood Blvd., Suite #350
Hollywood, FL 33021

      Re:    Turnberry Charters, Inc. v. International Paper Company

Dear David:

Pursuant to International Paper Company's notice of deposition of corporate representative of the plaintiff, I am once again requesting that the plaintiff provide a corporate representative regarding the allegations in the complaint, including the plaintiff's claim for damages. Please advise me of some available dates, prior to the discovery cut-off, when we can schedule this deposition.

If you have any questions regarding the foregoing, please do not hesitate to call.

          Very truly yours,

          HOLLAND & KNIGHT LLP

          Richard C. Hutchison
          Signed in his absence to avoid delay

RCH/rb

FTL1 #518526 v1



EXHIBIT
Composite
3

# HOLLAND & KNIGHT LLP

Atlanta              Northern Virginia
Boston               Orlando
Bradenton            Providence
Chicago              St. Petersburg
Fort Lauderdale      San Antonio
Jacksonville         San Francisco
Lakeland             Seattle
Los Angeles          Tallahassee
Melbourne            Tampa
Miami                Washington, D.C.
New York             West Palm Beach

International Offices
Buenos Aires*        Tel Aviv*
Mexico City          Tokyo
*Representative Offices

One East Broward Boulevard, Suite 1300
P.O. Box 14070 (ZIP 33302-4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
www.hklaw.com

November 29, 2000

## VIA FACSIMILE (954) 893-6704

David H. Reimer
Reimer & Rosenthal, LLP
3801 Hollywood Blvd., Suite #350
Hollywood, FL 33021

> Re:     Turnberry Charters, Inc. v. International Paper Company
>         U.S.D.C., Southern District of Florida
>         Case No. 00-6111-CIV-(DIMITROULEAS/Johnson)

Dear David:

This is another follow up regarding the completion of discovery in the above case. We are waiting for proposed dates from you for the depositions of Donald Soffer and Jeffrey Soffer. Additionally, we need to know the status of the AeroToy Store depositions. I understand you have tried several times to obtain service on AeroToy and at this time we do not have a date set for the deposition(s). Please notify us regarding your intentions to go forward with the AeroToy deposition(s). We are also working to schedule our expert inspection of the subject aircraft on December 6th or December 7th. In regards to damages, Rick Hutchison has previously requested, and is still waiting for, depositions dates for your corporate representative with the most knowledge on damages.

The discovery cut off in this case is Friday, December 15, 2000. As you know, Ken Murray is scheduled for deposition on December 6th which may or may not be moved subject to Mr. Murray's availability (he has been served by subpoena). At this time, I expect Mr. Murray's deposition will go forward as scheduled.

David H. Reimer
November 29, 2000
Page 2

In order to timely complete the foregoing, please provide us with our requested deposition dates for Donald Soffer, Jeffrey Soffer and your corporate representative on damages as soon as possible. Additionally, please notify us as to the location of the subject aircraft. Based on the dates you provided, and assuming the aircraft is in the Miami area, our expert is only available for an inspection on December 6th at 1:30 p.m. or on December 7th at 9:00 a.m. We anticipate the inspection will take 3 hours.

Finally, we also request that you provide us with the name, address and proposed deposition dates for any other witnesses and/or expert(s) you intend to call at trial in this matter.

Very truly yours,

HOLLAND & KNIGHT LLP

Heather C. Keith

FTL1 #519328 v1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-DIMITROULEAS/JOHNSON

TURNBERRY CHARTERS, INC.,

    Plaintiff,

vs

INTERNATIONAL PAPER COMPANY,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Preclude Evidence
Regarding Plaintiff's Alleged Damages, or Alternatively, to Compel Plaintiff to Re-
Designate a Rule 30(b)(6) Witness to Testify as to Damages and Incorporated
Memorandum of Law, filed December 8, 2000.  This Court has reviewed the pleadings
filed incident to this matter and is otherwise duly advised in t he premises. Accordingly it
is hereby

**ORDERED AND ADJUDGED** that said motion is **GRANTED IN PART AND
DENIED IN PART** without prejudice. Defendant's motion to the extent it seeks an order
precluding evidence from trial is denied without prejudice and with leave to renew said
request should it be appropriate with Judge Dimitrouleas, as the undersigned has no
authority to grant the relief requested. Defendant's motion to the extent it seeks an order
compelling Plaintiff to re-designate a Rule 30(b)(6) witness to testify as to damages is
granted. Plaintiff's counsel is ordered to confer with Defendant's counsel within two (2)
days from the date hereof and agree upon a mutually acceptable date within which to



EXHIBIT
"B"

depose said re-designated witness. Deposition of said re-designated witness shall take

place within seven (7) days from the date hereof.

**DONE AND ORDERED** on January 1φ, 2001, in Chambers, at West Palm Beach,

Florida.

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE

CC:    The Honorable William P. Dimitrouleas
       Moving Party, Richard C. Hutchison, Esquire
       shall fax a copy of the within Order to all counsel

2

```
MODE = MEMORY TRANSMISSION          START=JAN-16 11:32   END=JAN-16 11:47

  FILE NO.= 222

STN NO.   COM   ABBR NO.    STATION NAME/TEL.NO.    PAGES   DURATION
  001     OK ·   ■          431257#31#8936704#       004/004 00:01'02"

                                                    -HOLLAND & KNIGHT, LLP
*****************************                        ~ ***** ~              *********
```

Law Offices

# HOLLAND & KNIGHT LLP

One East Broward Boulevard
P.O. Box 14070 (ZIP 33302-4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
http://www.hklaw.com

Atlanta        Northern Virginia
Boston         Orlando
Bradenton      Providence
Chicago        San Antonio
Fort Lauderdale San Francisco
Jacksonville   Seattle
Lakeland       St. Petersburg
Los Angeles    Tallahassee
Melbourne      Tampa
Miami          Washington, D.C.
New York       West Palm Beach

International Offices:
Buenos Aires*   Tel Aviv*
Mexico City     Tokyo
*Representative Office:

## FACSIMILE

**TO:**

| David Reimer, Esq. | Reimer & Rosenthal, LLP | (954) 893-6704 |
|---|---|---|
| NAME | COMPANY/FIRM | FAX NUMBER |
| Hollywood | Florida | (954) 893-9800 |
| CITY | STATE | (TELEPHONE NUMBER) |

**FROM:**

| Richard C. Hutchson | (954) 525-1000 | 4 |
|---|---|---|
| NAME | TELEPHONE | TOTAL PAGES (including Cover Sheet) |

MESSAGE: Please see attached copy of Order dated January 11, 2001, by Chief Magistrate Judge

Johnson. In accordance with the Order, please provide some available dates on which we can take

the deposition of the plaintiff's corporate representative. Thank you.

| FOR THE RECORD: | | | |
|---|---|---|---|
| DATE: January 16, 2001 | URGENCY: ☐ SUPER RUSH | ☐ RUSH | ☐ REGULAR |
| FAXED BY: | FILE #: 451257-31 | CLIENT NAME: International Paper Company | |
| CONFIRMED: ☐ YES ☐ NO | NAME: | TIME: | |

If you did not receive all of the pages or find that they are illegible, please call (954) 525-1000

CONFIDENTIALITY NOTICE: This facsimile, along with any documents, files, or attachments, may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, printing, distribution or use of any information contained in or attached to this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by facsimile or by telephone collect at the numbers stated above, and destroy the original facsimile and its attachments without reading, printing, or saving in any manner. Your cooperation is appreciated. Thank you.

FTL1 #524829 v1



**EXHIBIT**

C

*CHIEF MAGISTRATE JUDGE LINNEA R. JOHNSON*
*UNITED STATES DISTRICT COURT*
*701 CLEMATIS STREET*
*WEST PALM BEACH, FLORIDA 33401*

*TRANSMITTAL COVERSHEET*

*TO: Richard C. Hutchison, Esquire*
*Fax No. 954-463-2030*

*SUBJECT:      Turnberry v. International Paper*

*DATE:         1/11/01*

*Number of Pages (including transmittal sheet)*  ③

*CHAMBERS FAX NO.      561-803-3438*
*CHAMBERS TEL. NO.     561-803-3470*

*MESSAGE:*
        *Mr. Hutchison, please fax a copy of the within Order to all*
*counsel. Thank you.*

_____

_____

_____

_____

*This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee named above. If you are not the intended recipient of this facsimile, you are hereby notified that dissemination or copying of this facsimile is strictly prohibited.*

# Reimer & Rosenthal LLP

Attorneys At Law

3801 Hollywood Blvd., Suite 350, Hollywood, FL 33021

954.893.9800 Telephone    954.893.6704 Facsimile

## FACSIMILE TRANSMITTAL SHEET

| TO: Richard C. Hutchison, Esq. | FROM David H. Reimer, Esq. |
|---|---|
| COMPANY. Holland & Knight | DATE 1/17/01 |
| FAX NUMBER (954) 463-2030 | TOTAL NO. OF PAGES INCLUDING COVER |
| PHONE NUMBER: (954) 525-1000 | SENDER'S REFERENCE NUMBER |
| RE. Turnberry v. International Paper | YOUR REFERENCE NUMBER |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS

In response to the Court's Order on re-designating, which was received for the first time from your office yesterday, I currently have available Tuesday January 23rd or Wednesday afternoon, January 24th. If you agree to take the deposition beyond the January 24th date, I will provide alternative dates and times. Please advise.

David H. Reimer

01-17-01 P05:44 RCVD

**EXHIBIT**
D

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND
CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED BELOW. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

```
MODE = MEMORY TRANSMISSION           START=JAN-18 14:27      END=JAN-18 14:28

   FILE NO. = 070

STN NO.    COM    ABBR NO.    STATION NAME/TEL.NO.    PAGES    DURATION

  001       OK      s           431257#31#8936704#    001/001  00:00'30"

                                                       -HOLLAND & KNIGHT, LLP
```



**************************************** -       - ***** -              - **********



Law Offices
# HOLLAND & KNIGHT LLP

One East Broward Boulevard
P.O. Box 14070 (ZIP 33302-4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
http://www.hklaw.com

| | |
|---|---|
| Atlanta | Northern Virginia |
| Boston | Orlando |
| Bradenton | Providence |
| Chicago | San Antonio |
| Fort Lauderdale | San Francisco |
| Jacksonville | Seattle |
| Lakeland | St. Petersburg |
| Los Angeles | Tallahassee |
| Melbourne | Tampa |
| Miami | Washington, D.C. |
| New York | West Palm Beach |

| | |
|---|---|
| International Offices: | |
| Buenos Aires* | Tel Aviv* |
| Mexico City | Tokyo |
| *Representative Offices | |

## FACSIMILE

**TO:**

| David Reimer, Esq. | Reimer & Rosenthal, LLP | (954) 893-6704 |
|---|---|---|
| NAME | COMPANY/FIRM | FAX NUMBER |
| Hollywood | Florida | (954) 893-9800 |
| CITY | STATE | (TELEPHONE NUMBER) |

**FROM:**

| Richard C. Hutchison | (954) 525-1000 | 1 |
|---|---|---|
| NAME | TELEPHONE | TOTAL PAGES (Including Cover Sheet) |

MESSAGE: I received your fax dated January 17, 2001. Please schedule the deposition of plaintiff's

corporate representative in accordance with the Court's Order on Wednesday, January 24, 2001 at

1:00 p.m. at your office. If you have any questions, please call.

| FOR THE RECORD: | | | |
|---|---|---|---|
| DATE: January 18, 2001 | URGENCY: ☐ SUPER RUSH | ☐ RUSH | ☐ REGULAR |
| FAXED BY: | FILE #: 431257-31 | CLIENT NAME: International Paper Company | |
| CONFIRMED: ☐ YES ☐ NO | NAME: | TIME: | |

| If you did not receive all of the pages or find that they are illegible, please call (954) 525-1000 | CONFIDENTIALITY NOTICE: This facsimile, along with any documents, files, or attachments, may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, printing, distribution or use of any information contained in or attached to this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by facsimile or by telephone collect at the numbers stated above, and destroy the original facsimile and its attachments without reading, printing, or saving in any manner. Your cooperation is appreciated. Thank you. |
|---|---|

FTL1 #524829 v1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

     Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

     Defendant.

_____/

## AMENDED SECOND RE- NOTICE OF TAKING 30(b)(6) DEPOSITION DUCES TECUM OF PLAINTIFF'S CORPORATE REPRESENTATIVE

TO:   David H. Reimer
      Reimer & Rosenthal, LLP
      3801 Hollywood Blvd., Suite #350
      Hollywood, FL 33021

PLEASE TAKE NOTICE Defendant will take the deposition, pursuant to

Federal Rules of Civil Procedure 30(b)(6), of the following Corporate

Representative(s) on the date, time and at the location specified.

**Name:**                    **Location/Date/Time:**

**Corporate Representative(s) of**     **Reimer & Rosenthal, LLP**
**Turnberry Charters, Inc., a**        **3801 Hollywood Blvd., #350**
**Florida corporation**              **Hollywood, FL 33021**

                                     **January 24, 2001 at 1:00 p.m.**

upon oral examination, before Spherion Court Reporting, or any other officer duly

authorized to administer oaths by the laws of the State of Florida.  The deposition

will continue from hour to hour and from day to day until completed.  The



EXHIBIT

_E_ "

deposition is being taken for the purpose of discovery, and for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. The Plaintiff is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf and produce all documents on each matter listed below.

## Area of Examination

1. All documents and facts supporting repairs or improvements to the subject aircraft after the sale of the subject plane from International Paper Company, and the Plaintiffs' claim for damages in this lawsuit, pursuant to the Court's Order dated January 11, 2001.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Blvd., Suite #1300
Ft. Lauderdale, FL 33301
Telephone (954) 525-1000
Fax (954) 463-2030

By: _____

Richard C. Hutchison
Florida Bar No. 709360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by fax and US Mail to Plaintiff's counsel David H. Reimer at Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, FL 33021 on this 9th day of January, 2001.

By: Richard C. Hutchison
Florida Bar No. 709360

cc: Spherion Court Reporting

FTL1 #526312 v1

MODE = MEMORY TRANSMISSION

FILE NO. =500

START=JAN-24 11:03    END=JAN-24 11:04

| STN NO. | COMM. | ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---------|-------|----------|----------------------|-------|----------|
| 001 | OK | ＃ | 431257#31#8936704# | 003/003 | 00:01:11 |

-HOLLAND AND KNIGHT LLP

*************************************** -

HOLLAND & KNIGHT LLP

One East Broward Boulevard
P.O. Box 14070 (ZIP 33302 4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
http://www.hklaw.com

Atlanta                Northern Virginia
Boston                 Orlando
Bradenton              Providence
Chicago                New Antonio
Fort Lauderdale        San Francisco
Jacksonville           Seattle
Lakeland               St Petersburg
Los Angeles            Tallahassee
Melbourne              Tampa
Miami                  Washington, D.C.
New York               West Palm Beach

International Offices:
Buenos Aires'          Tel Aviv'
Mexico City            Tokyo
Representative Offices

## FACSIMILE

**TO:**

| David Keimer, Esq. | Raimer & Rosenthal, LLP | (954) 893-6704 |
|--------------------|--------------------------|----------------|
| NAME | COMPANY/FIRM | FAX NUMBER |
| Hollywood | Florida | (954) 893-1800 |
| CITY | STATE | (TELEPHONE NUMBER) |

**FROM:**

| Richard C. Ketchison | (954) 525-1000 | 3 |
|----------------------|----------------|---|
| NAME | TELEPHONE | TOTAL PAGES (Including Cover Sheet) |

MESSAGE: As you requested and due to Mr. Lainey's unavailability, we have re-scheduled the

deposition of Turnberry's corporate representative from today, January 24, 2001, to Tuesday,

January 30, 2001 at 1:00 p.m. Also, please fax a copy of the executed Stipulation regarding the

Sofers' depositions. Please call if you have any questions.

| FOR THE RECORD: | | | | |
|-----------------|---|---|---|---|
| DATE: January 24, 2001 | URGENCY: ☐ SUPER RUSH | | ☐ RUSH | ☐ REGULAR |
| FAXED BY: | FILE #: 431257-31 | CLIENT NAME: International Paper Company | | |
| CONFIRMED: ☐ YES ☐ NO | NAME: | TIME: | | |

If you did not receive all of the pages or find that they are illegible, please call (954) 525 1000

CONFIDENTIALITY NOTICE: This facsimile, along with any documents, files, or attachments, may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, printing, distribution or use of any information contained in or attached to this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by facsimile or by telephone collect at the numbers stated above, and destroy the original facsimile and the attachments without making, printing, or saving in any manner. Your cooperation is appreciated. Thank you.

FTL1 #634839 v1



EXHIBIT
F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-(DIMITROULEAS/Johnson)

TURNBERRY CHARTERS, INC.

    Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY

    Defendant.

_____/

## THIRD RE-NOTICE OF TAKING 30(b)(6) DEPOSITION DUCES TECUM OF PLAINTIFF'S CORPORATE REPRESENTATIVE

TO: David H. Reimer
     Reimer & Rosenthal, LLP
     3801 Hollywood Blvd., Suite #350
     Hollywood, FL 33021

PLEASE TAKE NOTICE Defendant will take the deposition, pursuant to Federal Rules of Civil Procedure 30(b)(6), of the following Corporate Representative(s) on the date, time and at the location specified.

**Name:**                                  **Location/Date/Time:**

**Corporate Representative(s) of**          **Reimer & Rosenthal, LLP**
**Turnberry Charters, Inc., a**             **3801 Hollywood Blvd., #350**
**Florida corporation**                     **Hollywood, FL 33021**

                                                   **January 30, 2001 at 1:00 p.m.**

upon oral examination, before Spherion Court Reporting, or any other officer duly authorized to administer oaths by the laws of the State of Florida. The deposition will continue from hour to hour and from day to day until completed. The

deposition is being taken for the purpose of discovery, and for use at trial, or both of the foregoing, or for such other purposes as are permitted under the applicable and governing rules. The Plaintiff is required to designate one or more officers, directors, managing agents or other persons to testify on its behalf and produce all documents on each matter listed below.

## Area of Examination

1.     All documents and facts supporting repairs or improvements to the subject aircraft after the sale of the subject plane from International Paper Company, and the Plaintiffs' claim for damages in this lawsuit, pursuant to the Court's Order dated January 11, 2001.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Defendant
One East Broward Blvd., Suite #1300
Ft. Lauderdale, FL 33301
Telephone (954) 525-1000
Fax (954) 463-2030

By: 
Richard C. Hutchison
Florida Bar No. 709360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by fax and US Mail to Plaintiff's counsel David H. Reimer at Reimer & Rosenthal, LLP, 3801 Hollywood Blvd., Suite #350, Hollywood, FL 33021 on this 24th day of January, 2001.

By: Richard C. Hutchison
Florida Bar No. 709360

cc: Spherion Court Reporting

FTL1 #526875 v1

# Reimer & Rosenthal LLP

Attorneys At Law

3801 Hollywood Blvd., Suite 350, Hollywood, FL 33021

954.893.9800 Telephone    954.893.6704 Facsimile

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM |
|---|---|
| Richard C. Hutchison, Esq. | David H. Reimer, Esq. |

| COMPANY: | DATE: |
|---|---|
| Holland & Knight | 1/30/01 |

| FAX NUMBER | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| (954) 463-2030 | 2 |

| PHONE NUMBER | SENDER'S REFERENCE NUMBER: |
|---|---|
| (954) 525-1000 | |

| RE | YOUR REFERENCE NUMBER |
|---|---|
| Turnberry v. International Paper | |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Please deliver immediately to Rick Hutchison/Robin

**EXHIBIT**
" G "

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND
CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED BELOW. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,
PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.



REIMER & ROSENTHAL LLP

January 30, 2001

**VIA FACSIMILE**

Richard C. Hutchison, Esq.
Holland & Knight LLP
One East Broward Blvd., 13th Floor
P.O. Box 14070
Fort Lauderdale, FL 33302-4070

      RE:    Turnberry Charters v. International Paper

Dear Rick:

     As you know, it was our intention to produce Dennis Lainey as the corporate representative for purposes of testifying on the issue of damages at today's deposition. However, in preparing for the deposition it is evident that we will have to produce two separate witnesses for this purpose. I have been trying to contact the company to confirm the identity of the second witness, however, because of the company's flight schedule, no one has been available. As a result, I am requesting that you agree to again postpone today's deposition for one additional week. I apologize if this is any inconvenience, and I thank you in advance for your cooperation. Please let my office know as soon as possible if this is acceptable.

     Additionally, could you please confirm the status of the Aero Toy Store depositions which were rescheduled from January 29 to February 1st. As far as I know, no one contacted our office to clear this change, and I am scheduled for hearings in Miami and West Palm Beach state Circuit Courts on that date. As I am aware of the difficulty in trying to schedule these witnesses, if these depositions are confirmed, I will begin making efforts to rearrange my schedule.

     Lastly, with respect to your Motion for Summary Judgment and Motion on Spoliation of Evidence, I intend to file a Motion for Extension of Time to File Responses *Nunc Pro Tunc*, and additional responses. Please let me know if you have any objections to the Motions.

                         Very truly yours,

                         David H. Reimer

DHR/dr

3801 HOLLYWOOD BOULEVARD
SUITE 350
HOLLYWOOD, FLORIDA 33021
954.803.9800 TEL
954.893.6704 FAX

www.reimer-rosenthal.com

# HOLLAND & KNIGHT LLP

| | |
|---|---|
| Atlanta | Northern Virginia |
| Boston | Orlando |
| Bradenton | Providence |
| Chicago | St Petersburg |
| Fort Lauderdale | San Antonio |
| Jacksonville | San Francisco |
| Lakeland | Seattle |
| Los Angeles | Tallahassee |
| Melbourne | Tampa |
| Miami | Washington, D C |
| New York | West Palm Beach |

One East Broward Boulevard, Suite 1300
P.O. Box 14070 (ZIP 33302-4070)
Fort Lauderdale, Florida 33301

954-525-1000
FAX 954-463-2030
www.hklaw com

International Offices
Buenos Aires*    Tel Aviv*
Mexico City      Tokyo
*Representative Offices

January 30, 2001

## VIA FACSIMILE & U.S. MAIL

David H. Reimer
Reimer & Rosenthal, LLP
3801 Hollywood Blvd., Suite #350
Hollywood, FL 33021

      Re:    Turnberry Charters, Inc. v. International Paper Company

Dear David:

      This morning I received via facsimile a copy of your January 30, 2001, letter regarding the Court-ordered deposition of the plaintiff's corporate representative regarding the issue of damages. I did not receive a telephone call; nor did I receive an explanation for the late request to postpone the deposition which is scheduled for 1:00 p.m. today. Indeed, my secretary, Robin Burks, personally confirmed with you yesterday morning that the deposition scheduled for today was going forward. At no time during that conversation did you tell her that there would be 2 witnesses or that you were not prepared to proceed today.

      As you are well aware, after numerous attempts to schedule this deposition, I was forced to file a motion to compel which was granted on January 11, 2001. The Court ordered us to agree on a date for the deposition within 2 days and that the deposition must take place within 7 days from the date of the order. The Court faxed a copy of the Order to me on Tuesday, January 16, 2001. I, in turn, immediately faxed a copy to you that same morning. Even though you contend you did not receive a copy of the Order until January 18, a copy of the two fax cover pages indicating the dates of transmission are attached hereto.



EXHIBIT
"H"

David H. Reimer
January 30, 2001
Page 2

We finally agreed to take the deposition on January 24, 2001 at 1:00 p.m. That morning, you called me and informed me that Mr. Lainey, the corporate representative, was "stuck in the Keys" and was unavailable. I agreed to re-schedule his deposition to January 30, 2001. In turn, you promised to return to me an executed copy of a stipulation sent to you regarding the Soffers by Heather Keith on December 13, 2000. You have not yet returned the stipulation as promised.

Furthermore, the Court entered an order requiring you to file a response to International Paper's motion for summary judgment by Thursday, January 25, 2001. I assume you did so, but I have not yet received a copy of that response from your office. This is significant because International Paper's motion also requests that partial summary judgment be entered on the plaintiff's damage claim. Unfortunately, we do not yet know exactly what that claim is due to your failure to produce a corporate representative to testify about this issue. Consequently, I do not agree to postpone the deposition again since International Paper's reply to plaintiff's response is due on Friday, February 2, and, obviously, I will need to address this issue with facts elicited during the deposition.

Lastly, with respect to the Aero Toy depositions, they are curretnly scheduled on February 1, 2001, but I did not receive confirmation that the witnesses will appear as counsel for Aero Toy has not returned our telephone calls. As you know, the Court only extended discovery until February 1.

If you have any questions regarding the foregoing, please do not hesitate to call.

Very truly yours,

HOLLAND & KNIGHT LLP

Richard C. Hutchison

RCH/rb
enclosures
cc: Heather Keith, Esq.

FTL1 #527610 v1

Sent By: INTERIM KNIPES-COHEN;          561 478 6570;          Feb-1-01 12:34PM;          Page 2/2
v-06111-WPD    Document 49    Entered on FLSD Docket 02/05/2001    Pa

1

```
1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
2
             CASE NO. 00-6111-CIV-DIMITROULEAS/Johnson
3

4   TURNBERRY CHARTERS, INC.,

5                    Plaintiff,

6   vs.

7   INTERNATIONAL PAPER COMPANY,

8                    Defendant.
    _____/
9
                  CERTIFICATE OF NON-APPEARANCE
10
                 I, RICHARD GREENSPAN, Registered Merit
11   Reporter and Certified Realtime Reporter, do hereby
     certify that I was present at the of Reimer &
12   Rosenthal, LLP, 3801 Hollywood Boulevard, Suite 350
     Hollywood, FL 33021 on January 30, 2001 for the
13   purpose of reporting the deposition of the Corporate
     Representative(s) of Turnberry Charters, Inc., a
14   Florida corporation, scheduled to begin at 1:00 p.m.,
     and that the deponent did not appear.
15
              Dated this 30th day of January, 2001
16

17
              Richard Greenspan, RMR, CRR
18            Knipes-Cohen/Spherion Court Reporting
              1400 Centrepark Boulevard, Suite 960
19            West Palm Beach, Fl 33401

20   STATE OF FLORIDA
     COUNTY OF PALM BEACH
21
              Sworn to and subscribed before me this
22            30th day of January, 2001 by
              Richard Greenspan, who is personally
23            known to me.

24            Notary Public - State
25
```

GAIL GOLDSTEIN
MY COMMISSION # CC 767406
EXPIRES: September 7, 2002
Bonded Thru Notary Public Underwriters

KNIPES-COHEN/SPHERION COURT REPORTING



EXHIBIT

I