UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6111-CIV-DIMITROULEAS

TURNBERRY CHARTERS, INC.,

Plaintiff,

vs.

INTERNATIONAL PAPER COMPANY,

Defendant.

_____/

## ORDER

THIS CAUSE is before the Court upon Defendant, International Paper Company's Verified Motion to Tax Costs, filed herein on March 8, 2001. The Court notes that Plaintiff has failed to file a timely Memorandum in Response to Defendant's Motion. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co, 482 U.S. 437, 445 (1987).



28 U.S.C. § 1920, taxation of costs, provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Verified Motion to Tax Costs is hereby **GRANTED**. Defendant is the prevailing party in this action and has incurred Three Thousand Three Hundred Eighty-Six Dollars and Thirty-Eight Cents in costs recoverable pursuant to 28 U.S.C. § 1290 and Rule 54, Fed.R.Civ.P. Defendant, International Paper Company shall have and recover from Plaintiff Turnberry Charters, Inc., the amount of $3,386.38, as awardable costs in this action, for which sum let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this ____ day of March, 2001.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

David Harris Reimer, Esq.
Richard C. Hutchison, Esq.